## MILLER *against* WATSON.

A balance struck, and a promise to pay a sum of money due upon a specialty, on a new consideration, will sustain an action of assumpsit.

Thus, where one conveyed land with warranty; and on ejectment against the warrantee, he, at the request of the warrantor, avoided defending, and gave up the possession; and the warrantor struck a balance with him, of the consideration money due for the breach of the warranty; and promised to pay it; *held*, that assumpsit lay by the warrantee, for the balance so struck.

A NEW trial was granted in this case, in October term, 1825, on grounds contained in the report of the case, (5 Cowen, 195.) It was afterwards carried down to trial, and the plaintiff nonsuited on an offer to prove his case as there reported, with the additional fact, that the plaintiff gave up all defence to an ejectment brought against him at the defendant's (the warrantor's) request; surrendered possession, and struck the balance as stated in that case, which see.

The difference between the two cases will farther appear by the opinion of the court.

A motion was made in behalf of the plaintiff to set aside the nonsuit, and for a new trial: and was argued by

*C. P. Kirkland*, for the plaintiff;

*G. C. Bronson*, contra, and

*J. L. Richardson*, in reply.

ALBANY.
Feb. 1827.

Miller
v.
Watson.

For the plaintiff, was cited 5 Cowen, 195, S. C.; 1 Chit. Pl. 96, 98; Cro. Car. 342; 1 Vin. Abr. 272; 1 Pow. on Contr. 330, 342, 3, 4; 1 Com. on Contr. 13, 16; 1 Saund. 211, note (2.)

For the defendant, was cited 15 John. 234; 1 Chit. Pl. 94 95; 2 John. 1, 395. .

*Curia, per* SUTHERLAND, J. The evidence offered by the plaintiff was essentially different from anything that *appeared upon the former trial; and I think ought to have been received. In that case, (5 Cowen, 295,) there was nothing to support the promise of the defendant, but his admission that his title to the lot had failed. There was no evidence that, in consequence of that promise and admission, the plaintiff had surrendered the possession of the lot; or had been damnified in any other way. For aught that appeared, he might, at the time of the trial, have been in the peaceable and undisturbed enjoyment of the land conveyed; and the opinion of the court, so far as it related to the consideration of the promise, is put expressly on that ground. We there say, "the defendant may have been mistaken in the opinion that his title had failed; the ejectment suit may have been discontinued; and the plaintiff may have retained the quiet and undisturbed possession of the premises to the present hour. We do not think a jury would be authorized in finding the fact of eviction upon this testimony. If there was no eviction, the promise of the defendant was without consideration." We did not mean to be understood as saying, that nothing but an actual technical eviction would support a promise to refund the consideration money. There being no evidence whatever that the possession of the premises had been given up, upon the faith of the defendant's promise to repay the price with interest, and an ejectment having been commenced, we were left to infer that he had been turned out of possession by recovery and execution. We held that the evidence would not authorize such a conclusion; and that, consequently, there appeared to be no consideration for the defendant's promise. But, in the present case, the plaintiff

[*40]

offered to prove that the defendant requested him not to defend the ejectment suit, brought by Dexter for the re- covery of the lot, and admitted that Dexter's title must prevail. That upon the advice and at the request of the defendant, he gave up the possession to Dexter, without trial; who immediately entered, and still remains in pos- session; and that neither the plaintiff nor any person claim- ing under him has ever since been in the possession of or claimed title to any part of the premises: that in considera- tion *of such surrender, without a trial, the defendant promised to refund the original consideration money with interest. The object of the defendant seems to have been to avoid the expense of a trial, in which he knew the title of Dexter would be established, and the costs of which he would be compelled to refund to the plaintiff. 3 Caines, 111; 4 John. 1. That the facts offered to be proved af- forded a sufficient consideration for the defendant's promise, there can be no question. It is not for the defendant to deny, that by the voluntary surrender of the possession to Dexter, he has been saved the expense of the ejectment suit. There was, then, a new consideration, beneficial to him. And if, by such voluntary surrender, the plaintiff has lost his remedy upon his covenant, he has sustained an injury, which, in judgment of law, is a valid considera- tion.

[*41]

The defendant's covenant was to pay upon eviction. His promise, upon which this action is brought, was to pay upon a voluntary surrender of the possession, without evic- tion. It is, therefore, a new contract, upon a new, and, as I have already shown, a sufficient consideration; and will sustain an action of assumpsit. (1 East, 630, per Lord Kenyon and Ashurst, Js. 3 T. R. 592, note.(b) 1 Chit. Pl. 96.)[1] This contract have been executed, the statute of

[1] A consideration which has for its object the prevention of litigation and the settlement of disputes between the parties, is sufficient to support a promise. Chitty on Con. 43. See *Williams* v. *Alexander*, 4 Iredell's Eq. Rep. 207; *Zane* v. *Zane*, 6 Munf. 406; *Taylor* v. *Patrick*, 1 Bibb. 168; *Fisher* v. *May*, 2 id. 448; *Truet* v. *Chaplin*, 4 Hawks, 278; *Hodges* v. *Saun- ders*, 17 Pick. 471; *Stephens* v. *Bateman*, 1 Bro. C. C. 22, 26; *Brown* v.

frauds has no application to the case. Where, upon a new consideration, there has been a new contract to pay a debt, or perform a former contract under seal, assumpsit may, in many cases, be supported. (Cro. Jac. 343; Cro. Eliz. 67; 12 Mod. 511; 1 Vin. Abr. 272; Bac. Abr. Assumpsit, (A.) Lord Mansfield, in a case in Cowper, 128, held that assumpsit would not lie upon a promise by a defendant in a judgment to pay the judgment, in consideration that the plaintiff would stay the execution. But it is not necessary in this case to examine the extent and the qualifications of the doctrine. It is sufficient here that the original contract between the parties was varied and modified, by a new contract, upon a good consideration.

As the case appeared before us on the former occasion, it was merely a promise to perform the original covenant *without any new consideration. The evidence offered by the plaintiff, on the last trial, was *prima facie* sufficient to entitle him to recover. He was, therefore, improperly non-suited; and a new trial must be granted.

ALBANY,<br>Feb. 1827.<br>——<br>Gleason<br>v.<br>M'Vickar.

[*42]

Motion granted.

---

*Sloane*, 6 Watts, 421; *Barton* v. *Wells*, 5 Wharton, 225; *Stoddard* v. *Mix*, 14 Conn. 12; *Rice* v. *Bixler*, 1 Watts & Serg. 456; *Barlow* v. *Ocean Ins. Co.*, 4 Metc. 270; *Tuttle* v. *Tuttle*, 12 Metc. 551; *Logan* v. *Mathews*, 6 Barr, 417; *Mullanpley* v. *Riley*, 10 Missouri, 489.

See New York Dig. by Hogan, tit. ASSUMPSIT.