BENJAMIN F. YOUNG, Administrator, etc., Respondent, *v.* CATHARINE T. HILL et al., Administratrix, etc., Appellants.

Compound interest can only be recovered upon some new and independent agreement made after simple interest has accrued, and upon sufficient consideration, or, in mercantile transactions, upon a contract implied from the course of dealing or from custom.

Where interest has already accrued, the parties may lawfully agree to turn such interest into principal so as to carry interest *in futuro*, and the forbearance will constitute a consideration; but a promise to pay interest upon interest, which is to operate retrospectively, and is supported by no consideration save a moral one resulting from the fact that the interest is in arrear and unpaid, is not valid (CHURCH, Ch. J., FOLGER and EARL, JJ., dissenting).

*It seems* that it is not necessary to the validity of a promise to pay compound interest that it be in writing.

F., defendant's intestate, executed to P., plaintiff's testator, his bond, conditioned to pay $6,763, in installments, with annual interest at six per cent. F. was the agent of P., and had in his hands this bond, with

the other securities of his principal. F. annually computed the amount due upon the bond, compounding the interest, attaching each yearly computation to the bond, and entering it in a bond book kept by him as such agent. At the termination of F.'s agency, an account was stated between him and his principal, one item of which was the amount found due upon the bond, with interest so compounded; reckoning simple interest only, the payments made by F. upon the bond were more than sufficient to pay it in full. In an action upon the account stated, *held* (CHURCH, Ch. J., FOLGER and EARL, JJ., dissenting), that there was no promise or agreement to pay compound interest, as the statement of the account was but an admission of the correctness of the balance with interest compounded; that if a promise could be construed or implied from the account stated, there was no consideration to support the same; and that the claim could not be brought within the principle upon which compound interest is allowed upon the periodical statement of accounts between merchants.

Also *held* (CHURCH, Ch. J., FOLGER and EARL, JJ., dissenting), that the amount due upon the bond could not be recovered in an action as upon an account stated; that the action should have been brought upon the bond itself.

The complaint set forth various alleged errors and omissions in the agency account as stated. *Held* (CHURCH, CH. J., FOLGER and EARL, JJ., dissenting), that, assuming the balance claimed to be due on the bond properly formed part of the account stated, as plaintiff sought to open and readjust the balance, the account was open to any objections on the part of the defendants.

*Young* v. *Hills* (6 Hun, 613) reversed.

*Stewart* v. *Petree* (55 N. Y., 621) distinguished.

*Mowry* v. *Bishop* (5 Paige, 98) limited.

(Argued June 1, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, modifying, and affirming as modified, a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. (Reported below, 6 Hun, 613.)

This action was brought upon an account stated; the complaint alleged various errors and omissions in the account which it asked to have corrected.

Richard T. P. Pulteney, the original plaintiff, died during the pendency of the action, and plaintiff, his administrator, with will annexed, was substituted.

The court found the following facts, among others: The

original plaintiff was a resident of Great Britain and was the owner of a large amount of personal property in the United States for upwards of fifty years before 1871. Joseph Fellows the intestate of the defendants, had had charge of the property of the said plaintiff in the United States as sub-agent, and for thirty-eight years before that time said Joseph Fellows had had exclusive charge of said property as agent, taking the exclusive control thereof, and received from the said plaintiff an annual salary therefor. On the 1st day of March, 1817, the said Joseph Fellows and one Andrew McNab executed to Robert Troup, who was then the agent of the plaintiff, their joint and several bond under their hands and seals, conditioned to pay to the said Robert Troup $6,763, with interest at six per cent per annum from the 1st day of April, 1817, to be paid annually, and the principal to be paid in seven equal annual installments. During the time of his agency Fellows had charge of said bond, and held the same as part of the property in his hands as agent of said plaintiff. During all of said time, and beginning with the date of said bond and down to December 31, 1870, Fellows had computed the amount due thereon at compound interest at six per cent, with annual rests, and had attached said computation to said bond, and caused the same as aforesaid to be entered on the bond book kept by him as agent of the plaintiff, as a debt due from himself to said plaintiff. In each year of his agency Mr. Fellows reported to the plaintiff the amount of property so held by him as agent. One of the items of said report was entitled "bonds in the State of New York," and contained, among other things, the amount due on said bond above mentioned, reckoned at compound interest as aforesaid, but the amount of said bond was included with other bonds, and was not returned separately. From time to time Mr. Fellows made payments on said bond, which payments were more than sufficient to pay the same in full, if the amount due thereon were reckoned at simple interest, but if the same were reckoned at compound interest there was unpaid thereon after deducting said payments on the 8th day of December, 1871, the sum of $39,432.73.

Statement of case.

During all the time Mr. Fellows was such agent of the plaintiff, as aforesaid, he fully intended to pay the said bond with compound interest, and he caused said compound interest to be calculated, and charged the same against himself as hereinbefore stated, and included the same in the liquidation hereafter mentioned, with the intention and for the purpose of creating a legal obligation to pay the same. In May, 1871, Mr. Fellows ceased to act as agent of the plaintiff, and on the 8th day of December, 1871, an accounting was had between the plaintiff and Joseph Fellows, and an account was settled and stated between them. On the debit side of the account at the foot was this item, " To add amount due this day on Fellows and McNab bond $39,432.73." A statement attached to the account signed by Fellows contained the following: " The foregoing accounts and amounts have been liquidated and settled, and the balance due to Rev. Richard T. P. Pulteney is $70,463.52, subject to the correction of any errors and omissions which may hereafter be found therein."

And as conclusion of law the court found, among other things, that the acts of said Joseph Fellows in computing compound interest on said bond, charging the same to himself on his books, reporting the same to the plaintiff as due on said bond, and including the same in the said account stated, do not create a legal obligation to pay said compound interest, and that said item of $39,432.73 in the said account is not a charge against said Joseph Fellows and should be deducted therefrom. And after correcting various errors and deducting payments made after the statement was made, found due the plaintiff $16,927.43, for which sum judgment was directed and perfected.

The General Term, on appeal, amended and modified the judgment by adding thereto said item of $39,432.73, as of the date of the settlement of the account, and affirmed it as thus amended.

*A. Hadden* for the appellants. Compound interest cannot be recovered unless there is an agreement, in writing, to pay

the same after the interest upon which the agreement operates has fallen due. (*Conn* v. *Jackson*, 1 J. Ch., 13; *Van Benschooten* v. *Lawson*, 6 id., 313; *Mowrey* v. *Bishop*, 9 Paige, 228; *Quackenbush* v. *Leonard*, id., 334; *Toll* v. *Hiller*, 11 id., 228; *Fosman* v. *Fosman*, 17 How., 255; *Stewart* v. *Petree*, 55 N. Y., 623.) Such an agreement cannot be implied. (*Lockwood* v. *Thorne*, 18 N. Y., 292; *Howard* v. *Farley*, 3 Robt., 314; *Phillips* v. *Belden*, 2 Edw. Ch., 1; *Troup* v. *Haight*, 1 Hopk. Ch., 267, 271.)

*William Rumsey* for the respondent. An account stated is conclusive upon the parties unless the person seeking to impeach it shows fraud or mistake. (*Lockwood* v. *Thorn*, 11 N. Y., 170, 175; *Chubbuck* v. *Vernam*, 42 id., 432; *Kock* v. *Bonitz*, 4 Daly, 117.) There was a sufficient agreement on the part of Mr. Fellows to pay compound interest. (*Le Grange* v. *Hamilton*, 4 T. R., 613; 2 H. Blk., 144; *Kellogg* v. *Hickok*, 1 Wend., 521; *Stewart* v. *Petree*, 55 N. Y., 621; 3 Pars. on Con., 150, 151; *Waring* v. *Cunliffe*, 1 Ves., Jr., 99; *Camp* v. *Bates*, 11 Conn., 487, 497; *Rose* v. *Bridgeport*, 17 id., 243; *Mowry* v. *Bishop*, 5 Paige, 98; *Fobes* v. *Cantfield*, 13 Ohio, 18; *Bledsoe* v. *Nixon*, 69 N. C., 89; 12 Am. R., 642; *Hollingsworth* v. *Detroit*, 3 McL., 472–478; 17 Conn., 245; *Bainbridge* v. *Wilcocks*, 1 Bald., 536; *Watkinson* v. *Root*, 4 Ohio, 374; *Pierce* v. *Rowe*, 1 N. H., 179; *Toll* v. *Hiller*, 11 Paige, 228, 231, 232; *Niles* v. *Bd. of Comrs.*, 8 Blackf., 158, 160; *Raphael* v. *Boehem*, 11 Ves. Jr., 92; *Walker* v. *Walker*, 9 Wal., 744, 756; *Johnson* v. *Hedrick*, 33 Ind., 129; *Barrell* v. *Joy*, 16 Mass., 227; *Ossulton* v. *Jarmouth*, 2 Salk., 449; *Conn* v. *Jackson*, 1 J. Ch., 13; 3 Pars. on Con. [5th ed.], 150, 151; Story on Con., § 1033; *Barclay* v. *Kennedy*, 3 Wash., 350; *Rufford* v. *Bishop*, 5 Russ. Ch., 346, 353; *Eaton* v. *Bell*, 5 B. & Ald., 34; *Watkinson* v. *Root*, 4 Ohio, 374; *Kennon* v. *Dickens*, C. & N., 357; *Holmes* v. *De Camp*, 1 J. R., 34, 36; 2 Greenl. Ev., § 127; *Smith* v. *Allen*, 5 Day, 337; *Russell* v. *Whipple*, 2 Cow., 536; *Kimball* v. *Huntington*, 10 Wend., 675; *Sackett*

v. *Spencer*, 29 Barb., 180 ; *Morgan* v *Mather*, 2 Ves., Jr., 15, 20 ; *Pawling* v. *Pawling*, 4 Yeates, 220 ; *Clancarty* v. *Latouche*, 1 B. & B., 418, 429 ; *Eaton* v. *Bell*, 7 E. C. L., 13 ; *Newell* v. *Jones*, 19 id., 304 ; *Ex parte Bevan*, 9 Ves. Jr., 223 ; *Denniston* v. *Imprie*, 3 Wash., 396 ; *Barclay* v. *Kennedy*, id., 350 ; *Howard* v. *Farley*, 3 Robt., 308.)

Allen J. Had the action been directly upon the bond, the amount legally recoverable upon which is the only item in controversy, the recovery in respect to it would have been limited to what, if anything, should be ascertained to be due thereon upon a computation after the rule prescribed in *State of Connecticut* v. *Jackson* (1 J. Ch. R., 13), for the computation of interest where partial payments have been made from time to time. The question is presented whether by a change in the form of action the legal rights of the parties can be varied. Compound interest can only be recovered upon some new and independent agreement, made upon a good consideration. Hence, the plaintiff brings his action as upon a stated or settled account, in which the bond is included as one of the items, with a statement of the amount due thereon in gross, but which amount is the result of compounding the interest with annual rests. The exacting or reserving of compound interest has not met with favor in the courts, but the right to retain it when voluntarily paid is not disputed, and a recovery of it upon express contract, made after the interest has accrued and upon a sufficient consideration, is allowed. When, by the terms of an obligation, interest is payable at stated periods, interest upon interest from the time it becomes due, only gives the creditor the usual and legal equivalent for the non payment of money payable at a day certain, and in some States recovery may be had of interest upon interest under such circumstances without a special contract to that effect. With us it is not allowed. Two propositions are definitely settled by adjudication : first, that an agreement to pay interest upon interest must, in order to its validity, be made after the interest which is to bear interest

has become due, and second, that it must be supported by a sufficient consideration. A mere voluntary promise, without a consideration, is a *nudum pactum* and cannot be enforced. It will be seen, I think, that in this case there was at no time a promise or agreement by the debtor to pay compound interest, and that there was no consideration to support a promise if one had been made. . There are several *dicta* to be found in the reports to the effect that the agreement . must be in writing. These *dicta* have their origin in *Brown* v. *Barkham* (1 Peere Wms., 652), which had respect to interest upon arrears of interest upon a mortgage, and Lord PARKER expressed the opinion that "to make interest on a mortgage principal, it is requisite that there should be a writing signed by the parties, forasmuch as the estate in the land is to be charged therewith." These *dicta* must be understood as applying to mortgages upon lands or other real securities, and as recognizing a difference between such securities and personal contracts. (Kelly on Usury, 47, 49 ; *Morgan* v. *Mather*, 2 Vesey, 15.)

It may be questioned whether the courts can extend the statute of frauds to cases not within its terms, and in their discretion require promises to be in writing which the legislature has not seen fit to subject to that formality.

The rule has not been applied in practice. In the large class of cases in which interest upon interest has been allowed, it has been upon an agreement implied from the course of dealing and the usage of the parties, as in the case of mutual accounts between merchants. The courts will not give effect to a stipulation for compounding future interest, not because such agreements are condemned by the usury laws, but because they may serve as a temptation to negligence on the part of the creditor and a snare to the debtor, and prove in the end oppressive, and even ruinous. (*Quackenbush* v. *Leonard*, 9 Paige, 334.)

It was decided in chancery, as early as 1707, that a proviso in a mortgage that future interest, if not paid, should be taken as principal and bear interest is void, and that to make

interest principal it is requisite that it be first grown due, and then an agreement concerning it may make it principal. (*Lord Ossulston* v. *Lord Yarmouth*, 2 Salk., 449.) This rule has been followed by the courts of England and of this State with unvarying uniformity to the present time. (*Ex parte Bevan*, 9 Vesey, 223 ; *Mowry* v. *Bishop*, 5 Paige, 98 ; Comyn on Usury, 146 ; *Van Benschoten* v. *Lawson*, 6 J. Ch., 313 ; *Connecticut* v. *Jackson*, *supra ; Eaton* v. *Bell*, 5 B. & Ald., 34 ; *Toll* v. *Hiller*, 11 Paige, 228 ; *Forman* v. *Forman*, 17 How., 255.) It is held in *Van Benschoten* v. *Lawson* (*supra*), that the security which was for interest upon interest computed from a time past, and thus retrospective in its operation, was void, and that a valid agreement could only be made which should be prospective in its operation. The security for the compound interest which had already accrued was by mortgage upon real property, and upon bill filed to foreclose it the mortgage was held not to be usurious, but the amount included for interest upon interest was disallowed, as not recoverable in equity. Lord ELDON, in *Ex-parte Bevan* (*supra*), seemed to be of the opinion that although agreements for interest upon interest were legal between merchants, the rule could not be applied to a real security.

Chancellor KENT did not rest his decision of the Van Benschoten case upon any distinction between real and personal securities, but upon the fact that the obligation was retrospective in its operation and that such an agreement could not be recognized or enforced in a court of equity. No reference is made to any consideration or to the want of a consideration for the obligation. The case is clearly an authority to the extent that an agreement not made upon some new and sufficient consideration for the payment of interest upon interest for a time already past, will not be sustained or enforced in equity. The decision goes further than this, but this is as far as it is necessary to rely upon it as an authority here. This case was commented upon by Chancellor WALWORTH in *Mowry* v. *Bishop* (*supra*), but the criticism was *obiter*, as the question was not involved in the case then under consider-

ation. In *Stewart* v. *Petree* (55 N. Y., 621) the only defence interposed was that of usury, and the decision might have been placed upon the authority of *Kellogg* v. *Hickok* (1 Wend., 521) and *Le Grange* v. *Hamilton* (4 T. R., 613), and other cases in which the precise point had been adjudged.

The decision actually made by the court was upon the defence of usury, and the authority of the Van Benschoten case is not impaired by it. An obligation to pay compound interest already accrued would be without consideration, as the mere moral obligation to compensate the creditor for the loss of his interest would not be sufficient to support the undertaking. (*Ehle* v. *Judson*, 24 Wend., 96.) Whether in *Stewart* v. *Petree* the extension of the time for the payment of the principal, as well as the accrued interest, was a sufficient consideration for the note was not considered, as the question was not made by the defendant. It was claimed to be illegal, and that, therefore, the note was usurious. At the time of the rendition of the account by the debtor in this case the creditor had no legal or equitable claim to the compound interest or to interest upon interest, and had its payment been coerced and an unfair advantage taken of his necessities to compel the payment of it, or security for its payment, the transaction would have been avoided by a court of equity as unjust and oppressive, and restitution ordered. (*Thornhill* v. *Evans*, 2 Atk., 330.) While all the cases agree that when the interest has once accrued the parties may lawfully agree to turn such interest into principal, so as to carry interest *in futuro*, and the forbearance will constitute a consideration, there is no case that has come under my observation that holds that a like promise to operate retrospectively is valid, unsupported by any consideration other than the moral consideration (if one exists) resulting from the fact that the interest is in arrear and unpaid.

Had the debtor at the time of the statement of the account, upon which reliance is placed, expressly promised to pay the interest in arrear with interest upon it from the time it was due and to compound it, the promise would have been a nude

pact without consideration. The plaintiff is in no better situation seeking to recover upon a bare acknowledgment of an indebtedness from which an implied promise is claimed than he would have been upon an express promise.

Engagements to pay interest in future upon interest already accrued have a consideration in forbearing and giving day of payment for moneys presently due. It is the agreement to forbear for a time in the future that gives vitality to the promise. (*Eaton* v. *Bell, supra.*) There can be no valid contract without a consideration to support it, and the right to compound interest depends entirely upon contract expressed, or, in mercantile transactions, implied from the mode of dealing with former accounts or from custom. (*Fergusson* v. *Fyffe,* 8 Cl. & Fin. R., 121; *Ex parte Bevan, supra.*) Lord HARDWICK, in *Thornhill* v. *Evans,* which was an extreme case, intimated that an agreement to turn interest into principal could only be upon the advance of fresh money, and that even then it was reckoned a hardship. But it is not apparent why any other consideration, sufficient in the law to support a contract, would not serve as a consideration for this particular agreement as well as the actual advance of other money.

Compound interest is recoverable upon merchants' accounts of mutual dealings, upon an express agreement, or when an agreement may be implied from custom or usage, for the reason that an extension of time for payment is implied, and the transaction is fair, as the balance may change and the benefit of the usage be mutual. (Kelly on Usury, 49.) The promise relied upon by the plaintiff is merely implied from the acknowledgment in the statement of account in December, 1871. It has no foundation in any usage or prior dealing between the parties. For this promise (if one can be implied) there is no consideration. Delay in payment was neither asked or granted, and if this action can be maintained, a like action might have been brought immediately. Neither was any money advanced or other right relinquished by the creditor or benefit conferred upon the debtor. It was at best a gratuitous promise to pay a very large sum of money, to which

the promisee had no claim, either at law or in equity, and an action will not lie upon it. But the rendition and statement of the account was not a promise or the equivalent of a promise to pay the compound interest upon which an action will lie. It was merely an acknowledgment that, upon the basis of the computation made, the sum named was due for principal and interest. Upon a like statement of account, and of a balance due between merchants, the law implies a promise, for the reason that the several items, when established, constitute legal demands of the respective parties against each other, upon which an action would lie, and the acknowledgment is an admission of the correctness of the items of debit and credit, resulting in the stated balance. The right of action as upon a promise to pay necessarily follows. In such case there is no estoppel. The account may be impeached for errors or mistakes. It merely establishes, *prima facie*, the accuracy of the items without further proof. (*Lockwood* v. *Thorne*, 18 N. Y., 285.) If it appears that any of the charges are not, in law or in equity, proper claims against the party debited with them, no promise to pay will be implied in respect to the balance into which they enter, and of which they are a part. The law will not imply a promise to pay compound interest, except under peculiar circumstances, and upon some evidence from which an agreement to turn the interest into principal to bear interest for the future can be inferred. *Thompson* v. *Leith* (4 Jur. [N. S.], 1091) was a much stronger case for the plaintiff than this, and one in which it was very evident that the payment of interest was deferred by the creditor upon the faith that interest would be paid thereon. A promise would have been implied from the same circumstances to pay any claim that the law regarded as either legal or equitable. A correspondence took place between the mortgagee and mortgagor, extending over a series of years in which the mortgagee stated his intention, if the interest on the mortgage was not paid, to add it to the principal and to charge the same interest upon the amount as the mortgage bore. The mortgagor replied from

time to time, that he could not pay the interest and that it must be added to the claim of the mortgagee.

It was held that it did not amount to an agreement to pay compound interest, and the claim of the mortgagee was not allowed.   In *Brown* v. *Barkham* (*supra*), there being a great arrear of interest, the mortgagee sent an account in writing of the sum due him for interest, computing it at six per cent, and the mortgagor returned answer, allowing the account, desiring forbearance and promising to make satisfaction to the mortgagee for the same, Lord PARKER held that there was no agreement to make the interest, principal so as to bear interest.   The statement of the account is a waiver of other proof of the same facts and results.   Upon proof in any other manner of the correctness of the items of debit and credit which enter into an account stated an action for the resulting balance would lie and the law would imply a promise to pay it as it would upon a formal striking of the balance by the parties.   Here the statement of the account is but an admission of the gross amount due upon the bond resulting from a computation of interest with annual rests.

This admission has no other or different effect than would be given to proof of the same fact by any other competent evidence, or by a computation in the presence of the court, and the legal and equitable rights or obligations of the parties are not affected.

The law, while it permits the party to become bound to pay interest, will not imply or impose an obligation to pay in the absence of a promise and without any consideration for a promise.   The statement of the account does not give the plaintiffs an action for the recovery of compound interest.   The statement of the account is not the equivalent of an express promise to pay the balance when the items do not constitute a legal debt or duty.

The law implies a promise when justice and reason require, in order to give effect to transactions.   But an express promise to pay the exorbitant amount included for compound interest

here, would neither be just or reasonable. An agreement to pay simple interest upon the several instalments of interest as they became due and a computation based upon such agreement, applying the payments as made first to the payment of interest until all was paid, might not be unreasonable or inequitable.

The result would have been far different from that now insisted on. Again, there being an express contract for the payment of the debt and the interest undischarged, the law will not imply another and different agreement for the same purpose. *Expressum facit cessare tacitum.* This is not a separate and independent undertaking for the payment of the extraordinary interest, but if one was made, it was for the payment of the whole debt.

And just here, the plaintiff has to encounter and overcome another obstacle to the recovery, as upon an account stated, the amount secured by the bond. When a sum of money is secured by a deed and a balance is struck for the purpose of ascertaining how much remains due thereon, and the obligor admits the correctness of the account, and promises to pay it, an action will not lie on this account and promise, but the action must be brought on the security. A simple contract is merged in a bond, covenant or other contract by deed or record, but the greater security is not merged in a lesser. (*Middleditch* v. *Ellis*, 2 Exch., 623; *Wood* v. *Edwards*, 19 J. R., 205; *Landis* v. *Uric*, 10 S. & R., 316; *Gilson* v. *Stewart*, 7 Watts, 100.) A debt of record or by deed may be turned into a simple contract debt, but only upon some new consideration, and then the action must be upon the special agreement, and not upon an *insimul computassent*. (*Miller* v. *Watson*, 4 Wend., 267; S. C., 7 Cow., 39.)

A new promise of indulgence, and to forbear payment, would not, it seems, be regarded a sufficient consideration to support an action of assumpsit. (Per Kennedy, J., *Gilson* v. *Stewart, supra.*) But a promise will not be necessarily, and in all cases, implied from a mere assent or acknowledgment when an express promise would give a cause of action.

(*Compton* v. *Jones*, 4 Cow., 13; *Jessel* v. *Williamsburg Ins. Co.*, 3 Hill, 88.)

Perhaps, if a debt, although secured by deed, is made up of many items, and in the statement of an account the items are mingled with other and distinct items of indebtedness, and a balance struck, the including of the latter class of items may be a sufficient consideration to support an express promise to pay the general balance. (*Gilson* v. *Stewart, supra.*) But here the bond was conditioned for the payment of a single sum of money by installments, and is only made a part of the account by being added to the debit side as a sum in gross due on the bond after the making up of the account of the general dealings of the parties, which properly enter into an account current. Again, the bond debt was not the sole debt of the defendant's testator, and was entirely disconnected with the fiduciary transactions which entered into and constituted the entire account of mutual dealings between the parties.

This case is not within any of the recognized exceptions to the rule that a bond debt will not be merged in a simple contract so as to permit an action upon the latter. The plaintiff should have counted on the bond; but assuming that the balance claimed as due upon the bond properly formed a part of the account stated and settled, and may be recovered as a part of the general balance in an action of *insimul computassent*, the plaintiff has other difficulties to overcome. This is an action for equitable relief, and the plaintiff seeking equity must do equity. The action seeks to open the account and readjust the balance, and the account is open to any objections by the defendant. If he can show any mistake, fraud or error, or that any item is improperly in the account, leading to a result and a balance which courts of equity regard as iniquitous and oppressive, he may insist in this action upon his equitable rights, and that the account be adjusted upon an equitable and just basis. The account was, to all intents and for all purposes, as to all matters properly included in it, a stated account, and could only be opened upon allegations of specific errors. A settled account is *prima facie* evidence,

and will be deemed conclusive between the parties, unless some fraud, mistake, omission or inaccuracy is shown  An exception is recognized when the parties are not upon equal terms and then a court of equity may wholly disregard it.  An account will not, in the absence of fraud, be opened ordinarily upon a general charge of inaccuracy, but the specific errors must be alleged.  (Story Eq. Jur., §§ 523, 527; *Consequa* v. *Fanning*, 3 J. Ch., 587.)  The plaintiff has assigned errors on both the credit and debit side of the agency account, affecting materially the balance upon that account between the parties, but not affecting the amount stated as due in the bond.  It was open to the defendant to falsify the account by showing that a wrong charge was included in it. In *Troop* v. *Haight* (Hopk. R., 272), the right to falsify the account was, to some extent, restricted by the special agreement of the parties, but the general rule was recognized by the chancellor.  (See also *Philips* v. *Belden*, 2 Edw. Ch., 1; *Champion* v. *Joslyn*, 44 N. Y., 653; *Taylor* v. *Haylin*, 2 Br. Ch. C., 310.)  The stipulation that the settlement of the accounts was "subject to the correction of errors and omissions which may be hereafter found therein" does not render it any the less a settled account, and subject to all the rules applicable to stated accounts.  This is implied in every stated account, and in every settlement of commercial transactions. This was expressly decided in *Johnson* v. *Curtis* (3 Br. Ch. C., 266; cited also in 2 id., 310), in which there was a similar stipulation.  The form of action was properly adapted to correct the account in the respects to which specific objections were taken, and the court had jurisdiction to reopen and readjust the accounts upon the allegations of the complaint. But this does not enable the plaintiff to insist upon a claim or judgment for the payment of the compound interest which, under the circumstances, and within the rulings and intimations of all courts and judges who have spoken on the subject, must be regarded as oppressive and unjust, and, therefore, not to be allowed in equity.  The plaintiff's claim is inequitable, not to be enforced in equity, and, as a claim at law, has no

foundation. The claim cannot be brought within the principle upon which compound interest has been allowed upon the periodical statement of accounts between merchants in which interest has been charged in and treated as principal. These cases proceed upon the theory that the circumstances authorized an inference of an agreement at the end of every year that the interest then due should become principal. (*Lord Clancarty* v. *Fostwick*, 1 Ball & B., 429.)

The judgment of the General Term should be reversed, and that of the Special Term affirmed.

CHURCH, Ch. J. (dissenting). This action is brought to recover the balance of an account stated and settled between the parties on the 8th day of December, 1871, and the controversy arises upon a single item in the account as follows: "To add amount this day due on Fellows and McNab bond $39,432.73." The defendants' intestate had been for more than fifty years previously the agent and sub-agent for the plaintiff's intestate, a resident of England, in the management of a large real and personal estate in this and other States, commonly known as the Pulteney estate, and the bond in question was executed by the defendants' intestate, Mr. Fellows and one McNab, in 1817 for $6,763, with annual interest at six per cent in seven annual instalments, and was held by Mr. Fellows as a part of the property of his principal. There had been paid prior to the settlement of the account upon the said bond about $34,000, which was sufficient to discharge the bond at simple interest, and the question is whether the plaintiff is entitled to recover the sum above specified, it being the accumulation produced by compounding the interest. It is well settled in this State that compound interest is not allowable unless there is an agreement in writing to pay it after the interest has accrued, and that an agreement to pay interest upon interest not accrued will not be enforced. These principles are founded upon a wise public policy for the protection of the weak and ignorant debtor against extortion and oppression by the grasping creditor who, by an apparent indulgence,

is enabled to delude his victim into certain ruin. (1 J. Ch., 13, per Kent, Ch.) If, however, the debtor, after interest has accrued, voluntarily, without coercion or menace, agrees in writing that such interest shall be regarded as principal, which is equivalent, in legal effect, to an agreement that he will pay interest on such accrued interest, the agreement will be enforced. Whether such an agreement, which is retrospective in its terms, is valid has been a disputed point in this State. In *Van Benschooten* v. *Lawson* (13 J. Ch., 313) Chancellor Kent decided that such an agreement was invalid, while in *Mowry* v. *Bishop* (5 Paige, 98) Chancellor Walworth, although ostensibly distinguishing the two cases, substantially held and argued that such a contract was valid, and that the moral and equitable obligation to pay the interest when due furnished a sufficient consideration to support the promise. As an original question, after a careful examination of the grounds upon which the rule of public policy was founded, in connection with the authorities, I should hesitate in adopting the views of Chancellor Walworth, in 5 Paige (*supra*). Those of Chancellor Kent, in 6 Johnson's Chancery Reports (*supra*), seem more in consonance with the general principle involved. But the recent case in this court, of *Stewart* v *Petree* (55 N. Y., 621), must be regarded as foreclosing the question, and establishing the validity of such a contract. Although the question presented was usury, yet as the note was wholly for compound interest, theretofore accrued, its validity upon the ground of public policy was necessarily involved, and must have been so regarded by the court, as the opinion is expressly adverse to the decision in 6 Johnson's Chancery (*supra*), and there are other cases cited tending in the same direction. Under these circumstances it is not desirable or proper to reopen the question, and the decision, it must be confessed, is in accordance with considerable judicial expression. The important question is, whether there was such an agreement as the law requires to render the defendant liable. The agreement is predicated upon the fact that Mr. Fellows was in the habit of compounding the interest every year upon this bond in his books, and in his state-

ments to his principal of including the amount with the compound interest in the gross amount of bonds, and upon the account stated and settled in 1871, at the close of his agency. Attached to this account is a writing signed by Mr. Fellows, the first paragraph of which is as follows: "The foregoing accounts and amounts have been liquidated and settled, and the balance due to Rev. Richard T. B. Pulteney is $70,463.52, subject to the correction of any errors and omissions which may hereafter be found therein."

The learned judge who tried the case found that Mr. Fellows caused the compound interest to be calculated and charged against himself, and included the same in the account of 1871, " with the intention and for the purpose of creating a legal obligation to pay the same." The question is whether he did create such legal obligation within the established rules of law. It is quite clear, I think, that the exception in the certificate of errors and omissions hereafter found cannot be held to include this item. Such errors and omissions were intended to apply to those arising from mistake or misapprehension as to some fact. The undisputed evidence and finding is, that there was no mistake of fact in this item, and that Mr. Fellows intended to pay compound interest upon the amount secured by this bond, and inserted the item in the account for that purpose. It was not, therefore, an error or omission within the meaning of the language of the exception. The respective counsel argued elaborately as to the character of the agreement required to create a liability to pay compound interest, on the part of the defendant, that it must be an express agreement, and on the part of the plaintiff that an implied agreement would suffice. We must not be misled by the use of particular words. As a result of the authorities, I apprehend that it is sufficient if the agreement is such that its legal effect is to pay interest upon interest, and this may not depend upon the use of those precise words. An agreement in terms that accrued interest might be regarded as principal would be, in legal effect, an agreement to pay interest upon interest, although that language was not expressed, because

when it becomes principal it draws interest as other principal money. It then becomes transformed from a debt for interest to a debt for principal, and has the same quality in respect to earning interest as other principal moneys. Such an agreement is in substance an express agreement to pay interest. On the other hand, an acknowledgment that a given sum of money is due as interest is not sufficient to change it into principal upon which interest might be calculated. Such an acknowledgment would not constitute an implied agreement even to that effect, for the reason that the acknowledgment would not be inconsistent with its remaining as interest simply.

In this case Mr. Fellows certified that upwards of $39,000 was due on this bond, and he arrived at this result by adopting the detailed account kept by himself or under his direction, in which interest upon interest was calculated. In substance, he agreed that there was that sum due which was impossible, except upon the theory of compound interest, and did not this agreement in legal effect necessarily embrace an agreement to pay compound interest. If so, it is immaterial what name is attached to it, whether express or implied. What is necessarily implied in an agreement is deemed in law expressed. By his own act he turned the yearly interest into principal, and he agreed that the result was correct. I feel constrained to hold that this, in legal import, constituted a special agreement that the yearly interest should be regarded as principal. To illustrate : A debtor owing an outstanding bond of $1,000, payable in one year with interest, presents to his creditor at the end of the year a statement showing that $1,000 is due for principal and seventy dollars for interest, and signs the statement agreeing that there is that amount due. Such an agreement would not change the interest to principal, because, as before stated, it is equally consistent with its remaining a debt for interest. If a clause was added that the interest due might be regarded as principal, the right to calculate interest upon it from that time would be clear. If the same debtor, at the end of two years, presented an account,

with the interest for one year added to the principal, making $1,070, and the interest calculated upon that sum the second year, making seventy-four dollars and ninety cents, and certified in writing to its correctness as the amount due, the proper and legal construction of such a transaction would be an agreement that, at the end of the first year, the interest should be turned into principal, and that is precisely this case. The detailed statement must be considered in connection with the settled account, as the result of the statement was adopted in the account, and the agreement to its correctness embraces, necessarily, an agreement to transform the interest annually into principal.

Regarding the case of *Stewart* v. *Petree* (*supra*), as definitely settling the rule that an agreement to pay compound interest may be retrospective, the conclusion follows from the foregoing views that the written agreement in this case was sufficient for that purpose. There is no claim in the case, that there was any attempted extortion, or any threat or menance, express or implied, on the part of the creditor. It is undisputed that what was done was done voluntarily and freely, and in pursuance of what the debtor regarded as a duty. It is found that he intended to create a legal obligation to pay compound interest, and I think he succeeded. The suggestion was made on the argument that interest should not be added to the amount admitted due, and that the agreement, if sufficient to cover compound interest previously accrued, would not justify interest upon such interest after that time. The answer to this is that the agreement, if effectual and valid, changed the debt from interest to principal (except the last year's interest), and when changed it became for all purposes a part of the principal.

The judgment of the general term must be affirmed.

For reversal of judgment of General Term, and affirmance of that of Special Term: ALLEN, RAPALLO, ANDREWS and MILLER, JJ.

CHURCH, Ch. J., FOLGER and EARL, JJ., dissent.

Judgment reversed.