Bartlett, J.
The main question involved in this proceeding relates to the validity of the judgment under which the plaintiff claims to be entitled to the surplus moneys.
The circumstances attending the recovery of that judgment are somewhat remarkable.
In 1878 the defendant corporation being indebted to the plaintiff in a large amount, secured a portion of this indebtedness by making several mortgages, representing :$75,090 in all, to one F. E. Johnson, who assigned them to "the plaintiff.
After these mortgages had been given, there remained to the plaintiff’s credit on the books of the West, Bradley & Cary Manufacturing Company, in May, 1878, a balance of $139.09.
Subsequently and every six months, as interest became due on the company’s mortgages held by the plaintiff, she was credited with the amount thereof on the books of the company. The amount so entered to her credit itself drew Interest from that time, pursuant to on arrangement made -with her by Joseph I. West, her husband, who has been president of the corporation throughout its whole existence. By compounding the interest semi-annually in this way, the balance to Mrs. West’s credit in her account with the company had become $10,410.10 in January, 1885.
As long ago as August, 1873, the claimants Waterman and Keller began a suit against the defendant corporation, which was litigated with varying fortunes for several years, until they finally obtained a report in their favor from the second referee before whom the cause was tried, •on February 26, 1885.
Before they succeeded in entering judgment on this report, Mrs. West managed to recover judgment against the company on the compound interest account already mentioned. It was done in this way.
Mr. West, her husband and the president of the corporation, wrote a note in her behalf to Francis C. Reed, Esq., requesting him to secure a judgment for her against the company. She signed the note. Mr. Reed was the attorney defending the company in the Waterman and Keller suit. He caused a summons in an action by Mrs. West .against the corporation to be served upon Mr. West, the president. A Mr. O’Connell, who had a desk in Mr. Reed’s office, appeared as attorney for the company, and in due *257 form offered to allow judgment against it for the amount •of Mrs. West’s claim. Her attorney accepted the offer, and judgment was thereupon entered in her favor for $10,509 93 Every step in the action appears to have been taken on March 2, 1885. It was a week later before Waterman and Keller had judgment entered in their suit.
Mrs. West claims the surplus moneys in this proceeding by virtue of the priority of her judgment. The appellants Waterman and Keller question the validity of her judgment on several grounds.
It is settled in this state that an agreement to pay interest upon interest is not valid unless made after the interest which is to bear interest has become due. Young v. Hill, 67 N. Y., 162, 167. In the present case, the arrangement to compound the interest was made, according to the testimony of the plaintiff’s husband, at the outset of the transactions with her to which this litigation relates, and hence before any interest whatever had accrued on her mortgages. We do not think she can maintain a claim to the compound interest included in her judgment as against other creditors of the corporation. But if that be thrown out, the amount of the judgment will still be so large as to absorb the .greater portion of the surplus moneys.
It is therefore necesssary to consider the further point made by counsel for the appellants, who contend that if the president of the corporation, with knowledge, or in contemplation of its actual insolvency, provided for the payment of a debt to his wife out of the assets of the corporation, to the exclusion of other creditors, his action was unauthorized, and cannot be permitted to stand in the way of others having valid claims against the corporate property.
The relation of the directors of an insolvent corporation towards its property and creditors has been clearly stated in a recent decision by the general term of the fifth department, where Smith, P. J., said: “The instant the company became insolvent and unable to pay its debts, the trustees then held the property primarily in trust for its creditors, and they were without power to deal with the'property between themselves for the purpose of paying off their own indebtedness against the company in preference to, and in exclusion of other creditors.” Third National Bank v. Elliott, 42 Hun, 121, 129, and cases cited. An able opinion on this subject was also written by Shepley, J., in the case of Bradley v. Farwell, 1 Holmes, 433. It seems to us that the payment of a claim in behalf of a director’s wife, under such circumstances, is as objectionable as the payment of a -debt to the director himself. See Dundas’s Appeal, 64 Pa. *258 St., 321, 333. In the case at bar, the president of the corporation endeavored by means of the judgment which he enabled her to obtain against the company, to insure payment of his wife’s claim to the exclusion of the claim of the appellants. As the executions issued on the judgments of both the parties to this appeal have been returned unsatisfied, it is evident that the corporation was insolvent at the time Mrs. West procured her judgment. The referee, however, has found that her husband then believed the company would be able to pay all its debts. We entertain grave doubt as to the correctness of this finding. It is difficult to understand why so much haste should have been shown to give Mrs. West a prior lien over the judgment of Waterman and Keller, if her husband, the president of the corporation, supposed it to be perfectly solvent. On the other hand, his conduct is readily explained on the assumption of his knowledge of its insolvency. The evidence on this subject in the appeal book is not so full as seems to us desirable, and we have come to the conclusion to reverse the order appealed from, set aside the referee’s report, and direct a new reference to the end that it may be determined upon fuller proof as to whether the president of the defendant company knew of its insolvent condition when he aided his wife in obtaining her judgment. The costs of this appeal will abide the event of the further proceedings-
Ordered accordingly.
Van Brunt P. J., and Macomber, J., concur.