MICHAEL GIVENTER, as Executor of EMANUEL CHOPER, Deceased, Appellant, v. SAMUEL ARNOW et al., Respondents.

Third Department, April 11, 1974.

*Harvey & Harvey (Arthur J. Harvey* of counsel), for appellant.

*Mataraso & MacAffer (Duncan S. MacAffer* of counsel), for respondents.

GREENBLOTT, J. This is an appeal from an order of the Supreme Court at Special Term, entered March 21, 1973 in Albany County, which enjoined any further prosecution upon a promissory note signed by defendants, and ordered said note to be canceled and surrendered to the defendants within 90 days of the entering of the order.

Plaintiff's testator, an attorney at law, drafted a promissory note dated July 1, 1970 pursuant to which he loaned defendants the sum of $13,410.67. The note recites that the obligation became due July 1, 1971 and was payable " with interest at 7½% per annum, compounded quarterly ". No payments having been made, plaintiff moved for summary judgment, while the defendants cross-moved for summary judgment, relying upon the affirmative defense of usury. Agreeing with defendants, Special Term found the agreement to be violative of the express language of section 5–501 of the General Obligations Law and, accordingly, declared it void. (General Obligations Law, § 5–511).

The effective yield of 7.72% is only realized when the interest accruing in each quarter is added to the principal of the debt. It is well settled that a provision for compound interest will not be enforced as contrary to public policy (*Young* v. *Hill,* 67 N. Y. 162; *Stewart* v. *Petree,* 55 N. Y. 621; *Kellogg* v. *Hickok,* 1 Wend. 521), and if effect is given to this principle so as to prohibit the addition of accrued interest or principal, the interest on the debt itself " does not increase the rate of interest upon the amount of the original loan " (32 N. Y. Jur., Interest and Usury, § 56). As stated in *Kellogg* v. *Hickok* (*supra,* p. 521), " compound interest has nothing to do with the question of usury. It is illegal upon a different principle." " The result is that the penalty for exacting a compound interest obligation is refusal to allow recovery of the additional interest, and not avoidance of the entire obligation under the general usury statute " (32 N. Y. Jur., *supra*). This conclusion is buttressed by " the established principle that the presumption is against the taking of usury, which must be established by clear evidence as to all the elements essential thereto. (*Rosenstein* v. *Fox,* 150 N. Y. 354)". (*Grannis* v. *Stevens,* 216 N. Y. 583, 591.)

It is, therefore, our conclusion that application of the usury statute so as to work a forfeiture of the entire debt is unwarranted in this case. The only relief to which the defendant is entitled is a declaration of the illegality of the provision for quarterly compounding of the interest.

The order should be reversed, on the law, without costs, and the summary judgment granted in favor of plaintiff in the face amount of the promissory note, together with interest at the rate of 7½% per annum.

Cooke, J. (concurring). I concur in the result on the authority of *Madison Personal Loan* v. *Parker* (124 F. 2d 143) and the statement in 32 New York Jurisprudence, Interest and Usury (§ 56).

In *Madison,* the Second Circuit Court of Appeals in 1941 was concerned with the Small Loan Act of New York (Banking Law, art. 9, § 340 *et seq.*), not applicable here. Section 352 of the Banking Law then provided and still provides, in part, that interest shall not be compounded and that, if any interest in excess of that permitted in said article is charged or contracted for,* the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest or charges

---

* Pursuant to chapter 690 of the Laws of 1960, effective July 1, 1960, subdivision (e) of section 352 of the Banking Law was amended so as to provide for an exception in a case resulting from an accidental or bona fide error.

whatsoever. In discussing New York cases decided prior to the Small Loan Act, the Circuit Court said (p. 145): "True, the illegality of compounding in New York was not usurious, but only contrary to public policy, Stewart v. Petree [55 N. Y. 621]; and thus the penalty was refusal to allow recovery of the additional interest, Young v. Hill [67 N. Y. 162], not avoidance of the entire obligation under the general usury statute." Accordingly, there being no exception here to the general rule applicable, such as was the situation involving the Small Loan Act in *Madison,* the law provides for the penalty of refusal of recovery of the additional interest and not avoidance of the entire obligation.

MAIN, J. (dissenting). We dissent. The majority readily concedes that the note herein provided for an annual yield in excess of 7.5%, the maximum rate allowable by law at the time of its execution. As a consequence, we would order cancellation of the entire obligation pursuant to sections 5–501 and 5–511 of the General Obligations Law because the interest rate charged, however arrived at, was usurious. If we were concerned solely with the compounding of interest, denial of the recovery of the additional interest would be sufficient penalty (*Madison Personal Loan* v. *Parker,* 124 F. 2d 143; *Young* v. *Hill,* 67 N. Y. 162). Here, however, in addition to compounding which is not usurious per se, we have an exaction of an amount that is unquestionably usurious. In reaching this conclusion, we follow the express dictates of the usury statute which includes as part of the interest charged " any and all amounts paid or payable, directly or indirectly [to the lender] in consideration for making the loan " (General Obligations Law, § 5–501, subd. 2).

We would further note that the presumption against the taking of usury (*Rosenstein* v. *Fox,* 150 N. Y. 354) is clearly rebutted. The usurious intent of the parties can be determined from the face of the instrument (32 N. Y. Jur., Interest and Usury, § 72), and the remaining elements of usury: (1) a loan or forebearance of money; (2) an understanding that the principal shall be repayable absolutely; (3) the exaction of a greater profit than is allowed by statute (32 N. Y. Jur., Interest and Usury, § 37), were likewise decisively proven.

Moreover, we find no case relied upon by either the majority decision or by Mr. Justice COOKE in his concurring opinion wherein the compounding of interest resulted, as here, in an effective rate of interest exceeding that which was legally authorized.

The order of the trial court should be affirmed.

HERLIHY, P. J., concurs with GREENBLOTT, J.; COOKE, J., concurs in a separate opinion; SWEENEY and MAIN, JJ., dissent and vote to affirm in an opinion by MAIN, J.

Order reversed, on the law, without costs, and summary judgment granted in favor of plaintiff in the face amount of the promissory note, together with interest at the rate of 7½% per annum.