Wachtler, J.
On July 1, 1970 the plaintiff’s testator, Emanuel Choper, an attorney, loaned $13,410.67 to the defendants, Samuel and Pearl Arnow. On this same date the defendants executed a promissory note by which they agreed to pay back that sum "one year after date * * * with interest at 1Vi% per annum, compunded [sic] quarterly.” When the note fell due, the defendants refused to pay either principal or interest and the plaintiff, Choper’s executor, commenced this action. The question is whether the note is usurious.
At the time the note was executed, the maximum rate of interest was fixed at "7.50 per cent per annum” (see General Obligations Law, § 5-501, subds 1, 2; 3 NYCRR 4.1). Thus if the note did not require that the interest be compounded quarterly, it would not violate the usury statute. However if the interest is compounded quarterly, as the note provides, the effective annual rate would be 7.72%.[1] Because of this the defendants argue the note is usurious, and void, and the lender forfeits both interest and principal (see General Obligations Law, § 5-511, subd l).[2] The plaintiff concedes that the provision for compounding the interest is illegal, but not usurious. He argues that only the compounding clause should be nullified and without it the remainder of the note is legal and enforceable.
Special Term found the note usurious and granted defend *308 ants’ motion for summary judgment. By a divided court, the Appellate Division reversed (44 AD2d 160). There the majority was more impressed with the plaintiff’s argument, which they felt was buttressed by (p 161) " 'the established principle that the presumption is against the taking of usury, which must be established by clear evidence as to all the elements essential thereto.’ ” Accordingly, they granted summary judgment to the plaintiff for the face amount of the note (p 161) "together with interest at the rate of 7Vi% per annum”.
It is true that the compounding of interest is not, by itself, usurious (Stewart v Petree, 55 NY 621, 623; Young v Hill, 67 NY 162). The usury statute does not prohibit the payment of interest upon interest (General Obligations Law, § 5-501). Nevertheless agreements to pay compound interest have not found favor with the courts.
Generally the courts will enforce such an agreement when it is made after simple interest has accrued (Stewart v Petree, supra; Newburger-Morris Co. v Talcott, 219 NY 505, 510; compare Young v Hill, supra) for then it "only secures to the creditor a remuneration for that which he has lost” (Stewart v Petree, supra, p 623). But it is well-settled that "a promise to pay interest upon interest is void if made at a time before simple interest has accrued” (Newburger-Morris Co. v Talcott, supra, p 510). Even in these cases, of course, the creditor has the same right to demand additional interest once the debtor fails to make timely payment. However it is considered against public policy to encourage creditors to silently permit debts to progressively mount at the expense of debtors who, often unaware of the consequences of the prior agreement, tend to confuse forebearance with indulgence (see Young v Hill, supra, p 167). Obviously this rule has nothing to do with the usury statute and does not require resort to the severe penalties provided for. The policy involved is adequately fostered by merely invalidating the compounding clause and limiting the creditor’s recovery to principal and simple interest.
This rule however has no application to the facts of this case. Although this note provided that interest should be compounded quarterly, there was no provision that the loan be repaid or that interest be paid in quarterly installments. According to the terms of the instrument, no payment was due until "one year from date” of execution. This, in other *309 words, was not a case where the parties simply agreed in advance to compound interest upon default, which, in furtherance of public policy, calls for a limited sanction invalidating the compounding clause. Since no quarterly payments were ever due, the agreement to compound the interest was simply a computation device for increasing the interest due upon maturity. It was, as the defendants state, "merely a way of expressing an interest rate of 7.72%.” As indicated, this is a "greater sum * * * than is prescribed in section 5.501” and the note must be considered void and uncollectable (General Obligations Law, § 5-511, subd 1),
Indeed if we were to hold otherwise, by only invalidating the compounding clause, we would be recognizing a convenient hedging device for avoiding the more severe penalties of the usury statute. If the penalty for making a usurious agreement is loss of principal and interest it should not matter whether the illegal rate is boldly stated or indirectly arrived at by periodically compounding a legal rate.
Finally we note, as the Appellate Division did, that the usury defense must be established by "clear evidence as to all the elements essential thereto” (Grannis v Stevens, 216 NY 583, 591). The court will not assume that the parties entered into an unlawful agreement (White v Benjamin, 138 NY 623). On the contrary when the terms of the agreement are in issue, and the evidence is conflicting, the lender is entitled to a presumption that he did not make a loan at a usurious rate (White v Benjamin, supra; Meaker v Fiero, 145 NY 165; Rosenstein v Fox, 150 NY 354; Grannis v Stevens, supra).
However there is no need to employ the presumption here, since the terms of the loan are not in dispute, both sides acknowledging that the note evidences the complete agreement between the parties. Thus the note itself establishes, on its face, clear evidence of usury.
The order of the Appellate Division should be reversed and the order of Special Term reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Fuchsberg concur; Judge Cooke taking no part.
Order reversed, without costs, and order of Supreme Court, Albany County, reinstated.

. This figure is based on the traditional rather than the present-value method of computation (see Band Realty Co. v North Brewster, Inc., 37 NY2d 460).

. The Legislature has provided a "less severe penalty” for banks, which only risk losing interest — unless interest has been paid, in which case the debtor can recover twice the amount paid (General Obligations Law, § 5-511, subd 1 and Practice Commentary, McKinney’s Cons Laws of NY, Book 23A, p 234).