■ ALEX STEINBERG et al., Respondents, v JAMES E. WIL-LIAMS II, Appellant, et al., Defendants.—In an action to foreclose a mortgage, the defendant James Edward Williams II appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated June 30, 1988, which granted the plaintiffs' motion to strike his answer and for summary judgment in their favor.

Ordered that the order is affirmed, with costs.

We reject the appellant's contention that the court erred in striking his second affirmative defense, which alleged that the provision in the mortgage calling for negative amortization was void. While "[i]t is true that the compounding of interest is not, by itself, usurious" *(Giventer v Arnow,* 37 NY2d 305, 308), it is also true that "agreements to pay compound interest have not found favor with the courts" *(Giventer v Arnow, supra,* at 308). However, this general rule is not applicable to this action. This "was not a case where the parties simply agreed in advance to compound interest upon default" *(Giventer v Arnow, supra,* at 309).

As in the case of *Matter of Jackson* (120 AD2d 309), the debtor could forego paying full simple interest, with the proviso that any unpaid interest would be added to the principal. Thus, "the agreement to compound the interest was simply a computation device for increasing the interest due upon maturity" *(Giventer v Arnow, supra,* at 309). Since usury proscriptions generally are not applicable to purchase-money mortgages *(see, Mandelino v Fribourg,* 23 NY2d 145), the agreement is fully enforceable.

We have considered the appellant's remaining contentions and find them to be without merit. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.