### GILBERT et al. v. WARREN et al.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

CONTRACT—CONSTRUCTION—EVIDENCE—DIRECTING VERDICT.

A partner withdrew from a firm, and agreed to allow the business to continue in the old firm name, and that moneys standing to his credit should be a loan account from him to the firm, and draw interest. In an action by his executor after his death, his book account, admitted in evidence, showed a memorandum of an agreement for the loan of securities to the firm if necessary, and that in consideration of the loans and the agreement he should, besides interest on loans, receive $4,000 a year as compensation. The book showed an account stated at different times between the parties; that he had asked on one accounting as to his "extra interest," and on one occasion $4,000 was credited to him, and on others a reduced amount. There was evidence tending to show that the entry in his books did not set forth the whole agreement, and that compensation was intended, not only to reimburse him for loans, but for his risk in the use of his name. *Held* error to direct verdict for plaintiff, the question as to substance of contract being for the jury.

Appeal from trial term, New York county.

Action by Alexander Gilbert and Lewis V. Randolph, as executors of William R. Clarkson, deceased, against Charles J. Warren and Amos B. Stratton. There was judgment for plaintiffs, and defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Ira D. Warren, for appellants.

John E. Parsons, for respondents.

VAN BRUNT, P. J. In view of the conclusion at which we have arrived in reference to the main question involved upon this appeal, it will not be necessary to consider the questions raised in respect to the amounts which were claimed to be due from the defendants to the plaintiffs; it seeming to us that there was a question to go to the jury in regard to the agreement between William R. Clarkson and the defendants. Prior to the 1st of January, 1883, the plaintiffs' testator and the defendants were co-partners, carrying on business in the city of New York under the firm name of William R. Clarkson & Co. On that date, as between themselves, the co-partnership was dissolved, William R. Clarkson retiring from the firm, and the business being continued by the defendants under the old firm name of William R. Clarkson & Co. No notice of the dissolution of the firm was given to the public until April 10, 1889. The testator, William R. Clarkson, kept an account in a book of his own of his transactions and dealings with his firm, which was continued after the dissolution of the firm, on the 1st of January, 1883. On said date, in said book, William R. Clarkson entered, in his own handwriting, the following memorandum:

"January 1st, 1883.

"W. R. Clarkson, from this date, is not a partner in the firm of W. R. Clarkson & Co., A. B. Stratton and C. J. Warren composing the said firm. The name of W. R. Clarkson & Co. is used in conducting said business. The conditions and agreements between said parties are as follows: The moneys

standing to the credit of W. R. Clarkson is a loan account, and shall draw interest at six per cent. Should W. R. Clarkson loan said firm securities to be hypothecated for loans, no charge will be made for the use of them. The firm shall pay loans and interest, and return said securities to W. R. Clarkson. In lieu of borrowing money on W. R. Clarkson's securities, Stratton and Warren may call on W. R. Clarkson to make his loan account $50,000, to draw interest as above. In consideration of above agreement, W. R. Clarkson shall receive $4,000 per year as compensation."

It appears that there was also an account in the books of the defendants showing the transactions of William R. Clarkson with them, and at the end of the year comparison was made between these books, and the account between the parties was stated. On one or two occasions, when William R. Clarkson, at the end of the year, applied to the bookkeeper of the defendant for a comparison of accounts, and a statement in reference to the amount which might be due from the firm to him, there being no amount credited as compensation to William R. Clarkson, he asked the bookkeeper in regard to his extra interest, and on one occasion the whole amount of $4,000 was credited to him, and on others a reduced rate; these amounts being arrived at after consultation with Mr. Stratton, one of the defendants.

There was evidence from which a jury might infer that the writing of January 1, 1883, did not lucidly set forth the whole agreement between the parties, but that Mr. Clarkson's compensation was intended, not only to reimburse him for the loan of money which he made to the firm, but also for the risk he ran in the use of his name, as the business, after the dissolution, was to be conducted, by and with his consent, in the name of W. R. Clarkson & Co., the same as before; he thereby running the risk of being called upon to pay the debts of the firm. It seems to us that, upon an examination of the evidence in this case, it was a question for the jury to determine as to whether this compensation which Clarkson was to receive was intended solely as a bonus for the loan of the money, or as a compensation for the continued use of his name in the business.

We are of opinion, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.