ALEXANDER GILBERT and LEWIS V. F. RANDOLPH, as Executors, etc., of WILLIAM R. CLARKSON, Deceased, Respondents, *v.* CHARLES J. WARREN and AMOS B. STRATTON, Appellants.

<div style="float:right">56     289<br>a171 NY 665</div>

*Usury — contract between a retiring partner and the continuing members of the firm for a loan and the use of the former's securities and credit.*

An agreement, entered into between a retiring partner and the continuing members of the firm, provided that they should continue to use the retiring partner's name in the business and that the money standing to his credit should constitute a loan account and draw interest at six per cent, and that, if he lent securities to the firm to be hypothecated for loans, no charge should be made for the use of them, and that, in place of borrowing money on such securities, the continuing partners might call on him to increase his loan account to a certain sum, to draw interest as above. This was followed by a provision that " In consideration of above agreement W. R. Clarkson (the retiring partner) shall receive four thousand dollars per year as compensation," presents a question for the jury whether the compensation of $4,000 which the retiring partner was to receive was intended solely as a bonus for the loan of money, or as a compensation for the continued use of his name in the business.

The fact that the retiring partner was to make no charge for lending securities affords no ground for the presumption that, if he did lend them, the $4,000 was to be paid in part compensation for the loan.

The court may properly charge the jury that a party may receive compensation for a loan of securities.

An agreement to lend one's credit is not usurious upon the ground that there is to be paid for such loan more than the legal rate of interest upon the probable amount of the liability to be incurred, unless such loan is a mere device to cover an agreement to pay more than the legal rate of interest for the loan.

In such a case, if, upon all the evidence, the jury is satisfied that, when the agreement was made, the $4,000 a year was intended to be a compensation for the loan of the retiring partner's name in the business and thus of his credit, it is not usurious, although the payments may have continued after the publica-

tion of a notice of the dissolution of the firm, and after there ceased to be any apparent necessity to call upon him for the loan of his credit, such facts being important simply as evidence bearing upon the purpose with which the $4,000 a year was agreed to be paid and not conclusive.

APPEAL by the defendants, Charles J. Warren and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 1st day of March, 1900, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of March, 1900, denying the defendants' motion for a new trial made upon the minutes.

*Lyman E. Warren,* for the appellants.

*John E. Parsons,* for the respondents.

RUMSEY, J.:

The action was brought upon an account stated and practically admitted by the defendants. The defense, among other things, was that on the 1st day of January, 1883, Clarkson, plaintiffs' testator, made an agreement with the defendants to loan them $50,000, and in consideration thereof they agreed to pay him, in addition to the regular rate of interest, the sum of $4,000 a year, making interest for the amount of the loan at the rate of fourteen per cent per annum; and that the amounts mentioned in the complaint and appearing to the credit of Mr. Clarkson on the defendants' books were moneys loaned under this corrupt and usurious agreement, or were amounts credited to Clarkson by the defendants upon account of usurious interest.

Upon the trial it appeared that for some time before the 1st of January, 1883, Clarkson, Warren and Stratton had been partners in business under the firm name of W. R. Clarkson & Co.; that on that day Clarkson retired from the firm, but that it was agreed that the name of W. R. Clarkson should continue to be used in the business, and that the money standing to the credit of Clarkson was a loan account and should draw interest at six per cent; that if Clarkson lent the firm securities to be hypothecated for loans, no charge should be made for the use of them; that the firm should pay the loans and interest, and return the securities to Clarkson, and that in place of borrowing money on Clarkson's securities, Stratton and Warren might call on Clarkson to make his loan account $50,000

and draw interest as above.  Then follow these words: "In consideration of above agreement, W. R. Clarkson shall receive four thousand dollars per year as compensation."  It was claimed by the defendants that it was understood that this sum of $4,000 was to be paid to Clarkson as additional interest for the amount of loans which from time to time he should make to the firm.  On the contrary, the plaintiffs claimed that this payment of $4,000 was made to him for the use of his credit and as compensation for the loan of securities.

The case has been presented to this court twice before.  On the first trial, at the close of the defendants' case, after the agreement had been proved and the fact of payments made under it had been established, the court ordered a verdict for the plaintiffs, holding that as a matter of law that agreement was not usurious.  Upon appeal to this court that judgment was reversed and a new trial was ordered.  At the retrial the verdict was again ordered for the plaintiffs after evidence of the agreement and of the action taken under it had been given by the defendants and evidence in rebuttal by the plaintiffs.  At the close of the evidence the court ordered a verdict for the plaintiffs.  Upon appeal from the judgment entered after that trial this court again reversed, holding that upon all the evidence the question should have been presented to the jury whether the compensation which Clarkson was to receive was intended solely as a bonus for the loan of money or as a compensation for the continued use of his name in the business.  (*Gilbert* v. *Warren,* 44 App. Div. 631.)  The case as now presented upon the evidence is substantially the same as it was upon the last appeal, and, therefore, following the decision of this court, it was properly submitted to the jury.  The only question which it is necessary now to discuss is whether the court has committed some error in its charge or in rulings upon the admission or exclusion of evidence, and if nothing of that kind has been established, the judgment and order must be affirmed.

We have examined the various exceptions taken by the defendants during the trial and we find no error in any of them.  There are but two which we deem it necessary to discuss.

The court charged the jury that a party might properly receive compensation for a loan of securities.  There can be no doubt of the correctness of that proposition.  It might be said, however, that it was not material in this case, and if it was not material, clearly

it was of no importance. But if it was material, not only was it correct as an abstract legal proposition, but it was correct as applied to this case. It is quite true that by the terms of the agreement it was said that if Clarkson should lend the securities to be hypothecated for loans, no charge should be made for the use of them. But the fact that Clarkson was to make no charge for lending securities affords no ground for the presumption that if he did lend them the $4,000 was to be in part compensation for the loan.

The claim of the defendants that an agreement to lend one's credit is usurious if there was paid for it more than the legal rate of interest upon the probable amount of the liability to be incurred, cannot be sustained in view of what is now the well-settled law of this State. (*Ketchum* v. *Barber*, 4 Hill, 224; *Dry Dock Bank* v. *American Life Ins. & Trust Co.*, 3 N. Y. 344.) It is not intended to say that if the assumed loan of credit is in fact a device to cover an agreement to pay more than the legal rate of interest for the loan or forbearance of money, that such contract is not usurious; but, as it is held in the cases cited above and by necessary inference in this case when it was last before the court, unless such an agreement to pay for the loan of credit is intended as a device to cover usury, it is valid and will be sustained.

It is claimed here that, upon the evidence, there can be no doubt that the payment made to Clarkson, under the agreement to pay $4,000 a year as compensation, was usurious, because his liability as a partner ended upon the dissolution of the firm on the 10th of April, 1889, and payments under the $4,000 clause were made after that date and down to shortly before his death. Therefore, it is said that, as there was no loan of credit after the 10th of April, 1889, these payments could not have been made for any such reason after that time, and by necessary inference they were not made for any such purpose before that time. There can be no doubt that from the 1st of January, 1883, down to the 10th of April, 1889, Clarkson's credit was very largely pledged for the liabilities of this firm. It appears that purchases to a very large amount indeed were made upon the credit of the firm, for which Clarkson remained apparently liable. As he had been a member of the firm, and as his name continued at the head of the firm, and the business was conducted from the 1st of January, 1883, down to the 10th of April, 1889, in

precisely the same manner as it had been conducted before, there can be no doubt of his liability during that time. It is quite true that there was a dissolution of the firm on the 10th of April, 1889, and that notice of such dissolution was published in a newspaper. But that dissolution had no effect upon Clarkson's liability for debts which had been incurred before. As to them he was still liable. There was no proof that notice of this dissolution was sent to any of the persons with whom the firm had had credits before the date when the dissolution took place, and, in the absence of that proof, Mr. Clarkson would continue liable to those persons for new purchases, although there was in fact a dissolution of the firm, unless it appeared that actual notice had been given to each one of those persons. (*Bouker Contracting Co.* v. *Scribner*, 52 App. Div. 505; *Elmira Iron & S. R. M. Co.* v. *Harris*, 124 N. Y. 280.) As we know nothing about the condition of these liabilities after the 10th of April, 1889, and nothing about the extent of the dealings with old creditors of the firm who had no notice of any change in the status, we are not able to say that Mr. Clarkson's liability for debts of the firm did not continue until the time of his death.

But with regard to that point, it is to be observed that the question is, what was the meaning of this contract, and for what purpose was this $4,000 a year intended to be paid on the 1st of January, 1883? If, upon all the evidence, the jury were satisfied that when the agreement was made the $4,000 a year was intended to be a compensation for the loan of Clarkson's name in the business and thus of his credit, it was not usurious, although the payments may have continued after the dissolution of the firm; and the fact that these payments continued after the dissolution of the firm, and after there ceased to be any apparent necessity to call upon Clarkson for the loan of his credit, is to be taken simply as evidence bearing upon the reason for which they were paid, and not necessarily conclusive against the construction that the agreement was valid.

These considerations lead us to the conclusion that upon the whole case no error has been shown, and the judgment and order must be affirmed, with costs.

PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Judgment and order affirmed, with costs.