■ DANN B. LEWIS, Respondent, v MARK GUMMER et al., Doing Business as NATIONAL AUDIO, Appellants.—Levine, J. Appeals (1) from an order of the Supreme Court (Smyk, J.), entered February 20, 1990 in Broome County, which, *inter alia,* granted plaintiff's cross motion for summary judgment, and (2) from the judgment entered thereon.

Defendants executed and delivered a promissory note to plaintiff on February 17, 1984 for $100,000, payable over five years, pursuant to a schedule of payments of principal and interest at the stated rate of "prime plus one per cent". At the same time, defendants entered into a consulting agreement with plaintiff under which plaintiff, in exchange for making himself available for consultations on financial matters at least four times a year, was to receive monthly payments totaling $9,000 annually. The agreement was to last for five years, except that it was terminable upon any earlier payment in full of the promissory note. Concededly, the source of the principal amount of the promissory note was a loan by Marine Midland Bank to plaintiff under precisely the same terms. The entire arrangement was initiated at the behest of and for the accommodation of defendants, who were apparently unable to obtain independent financing for their business from any institutional lender. Although defendants paid off the note, they refused to pay a portion of the fee required under the consulting agreement. Plaintiff sued for the balance due and was ultimately granted summary judgment. This appeal ensued.

The sole contention by defendants on appeal is that, as a matter of law, the payments required under the consulting agreement were disguised, usurious interest and, hence, unenforceable by reason of illegality. We disagree. The burden was on defendants to submit clear and satisfactory evidence of every element of their usury defense, including the element of usurious intent *(see, Giventer v Arnow,* 37 NY2d 305, 309; *Rosenstein v Fox,* 150 NY 354, 363-364).

In the instant case, facially, the terms of the consulting agreement and the promissory note do not require the payment of interest in excess of the legal rate. Even though the consulting agreement was terminable upon payment of the note, the payments provided thereunder bore no relationship to the declining principal balance of the note. Thus, plaintiff was entitled to a presumption that the loan was not usurious *(see, Giventer v Arnow, supra).*

Contrary to the assertions by defendants, the extrinsic proof they submitted did not establish usurious intent, but was at least equally consistent with an intent to legally exact compensation for the sale or loan of plaintiff's credit *(see, Gilbert v Warren,* 56 App Div 289, 292-293, *affd* 171 NY 665; *Grannis v Temple,* 84 Misc 415, 418-419; *see also, Leibovici v Rawicki,* 57 Misc 2d 141, 145, *affd* 64 Misc 2d 858; 72 NY Jur 2d, Interest and Usury, §§ 73, 74, at 98-100).

Order and judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.