■ James P. Rourke, as Assignee of Acrographics Inc., Appellant, v Fred H. Thomas Associates P. C., Respondent.— Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered November 21, 1991 in Tompkins County, which, *inter alia,* granted defendant's motion to set the amount of damages due plaintiff's assignor, and (2) from the judgment entered thereon.

Plaintiff is the sole shareholder of Acrographics Inc., a corporation which provided photocopying services to defendant, an architectural firm, from the early 1970s through 1986. When their business dealings ceased, there was still a balance of money due Acrographics. On or about March 10, 1989 Acrographics commenced this action by service of a summons with notice. Defendant appeared and demanded a copy of the complaint. The complaint demanding $61,523.46 in damages was then served. After defendant answered, Acrographics filed a note of issue which defendant moved to vacate. Acrographics then cross-moved for summary judgment. Supreme Court vacated the note of issue and denied the cross motion. On March 16, 1990 plaintiff assigned the cause of action to himself and has prosecuted this action *pro se.*

Plaintiff filed a second note of issue which was vacated. A third note of issue was filed and trial was set down for July 24, 1991. Defendant then moved by order to show cause to fix the amount of damages owed Acrographics. In reply plaintiff claimed that the affidavit in support of the show cause order

failed to show that an exigency existed and should therefore be dismissed. Supreme Court granted defendant's motion, fixed the damages owed at $15,550.12 and directed that an order be submitted within 60 days. No order was submitted and plaintiff's motion to vacate the decision was denied. Judgment was thereafter entered.

Plaintiff contends that Supreme Court abused its discretion in granting defendant's motion on three grounds: (1) defendant failed to inform Supreme Court of the need for the hastened procedure, (2) the time given to respond (four days) was too short, and (3) the time to serve the motion papers should not have been shortened inasmuch as the moving party allowed the time to run until the exigency developed. We find no abuse of discretion in Supreme Court's decision to grant defendant's motion without an affidavit advising the court of the time limits which justified issuance of the order in view of Supreme Court's familiarity with the time limitations (it had set the trial for a day certain), and such an affidavit is not required by statute (see, CPLR 2214 [d]). Additionally, CPLR 3212 (a) provides that a motion for summary judgment be made after issue has been joined (CPLR 3212 [a]; see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:13, at 321).

We find merit in plaintiff's argument that Supreme Court erred in setting the amount due because issues of fact remain as to whether the parties agreed to interest and finance charges in their contract which require a trial (see, Zuckerman v City of New York, 49 NY2d 557, 562). Defendant met its burden of presenting evidentiary proof that there was neither an agreement for payment of interest or finance charges nor any custom of paying interest charges (see, supra). Plaintiff, however, submitted evidence of an agreement to pay interest charges and of the charging of interest and finance charges since May 1985. This material was submitted in earlier papers accompanying the cross motion for summary judgment and was incorporated in this motion. Thus, a trial is required to resolve the disputed issues concerning interest and finance charges.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, plaintiff's motion granted and defendant's motion to set the amount of damages due plaintiff's assignor is denied.