■ James P. Rourke, as Assignee of Acrographics, Inc., Appellant, v Fred H. Thomas Associates, Respondent. [627 NYS2d 831] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered August 2, 1994 in Tompkins County, upon a verdict rendered in favor of Acrographics, Inc.

Plaintiff is the president, secretary and sole shareholder of Acrographics, Inc., a duplicating copy services business located in the City of Ithaca, Tompkins County. Its primary customers are architects and others involved in the construction industry. Defendant is an architectural firm located in Ithaca which has used plaintiff's services for approximately 20 years. There was never a written agreement between the parties relating to services or payment therefor. This Court has previously dealt with issues related to the claim being pursued in this action. We previously affirmed Supreme Court's finding that the amount owed on an underlying debt extant between the parties is $15,550.12, but remitted for trial the question of the parties' agreement as to interest and finance charges (189 AD2d 1015). In 1993, plaintiff moved to file an amended complaint, claiming additional damages against defendant. Supreme Court denied plaintiff's motion and we affirmed on appeal (203 AD2d 859).

This appeal is from a trial held on the sole issue of what interest and finance charges should be added to the balance due of $15,550.12. At the close of plaintiff's case, defendant moved to dismiss plaintiff's claim with regard to the interest owed on the unpaid balance; in the alternative, defendant moved for a directed verdict at the close of trial, or for an order that only "simple" interest be charged on the amount due. Supreme Court ruled that the evidence failed to establish the existence of an express agreement between the parties for interest and refused to submit the issue of an implied agreement to pay compound interest on the unpaid balance to the jury, as contrary to public policy. The court submitted to the jury only the question of whether there was an implied agreement to pay interest and in what amount. The jury found an implied agreement to pay 18% annual interest on the unpaid balance of defendant's account. Supreme Court then issued a judgment in plaintiff's favor in the amount of $15,550.12 plus 18% interest to be computed from 30 days after March 21,

1985 to the date of entry of judgment, and 9% thereafter until the judgment is satisfied. This appeal by plaintiff ensued.

Plaintiff contends that Supreme Court erred in refusing to submit to the jury the issue of whether there was an implied agreement between the parties to add compound interest to the balance due on defendant's account, thus denying plaintiff a jury trial on the issue. We disagree. Where, as a matter of law, there can be no implied agreement to charge compound interest (see, Reusens v Arkenburgh, 135 App Div 75) and the record establishes that plaintiff failed to prove the existence of an express agreement between the parties to that effect, there was no error in refusing to submit for the jury's consideration the issue of whether there was an agreement for the payment of compound interest (see, Giventer v Arnow, 37 NY2d 305; Steinberg v Williams, 163 AD2d 516). It is established law that "in the absence of an express agreement for either compound interest or interest on interest, or statutory authority, such interest is not recoverable" (72 NY Jur 2d, Interest and Usury, § 12, at 20-21 [footnotes omitted]; see, e.g., In Re Realty Assocs. Sec. Corp., 66 F Supp 416, 421, affd sub nom. Kelby v Manufacturers Trust Co., 162 F2d 350, mod on other grounds 163 F2d 387, cert denied sub nom. Manufacturers Trust Co. v Realty Assocs. Sec. Corp., 332 US 836; see also, General Obligations Law § 5-527 [1], [2]; cf., Matter of American Sav. Bank v State Tax Commn., 65 NY2d 824, 826).

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs. [See, 162 Misc 2d 41.]