■ DWIGHT W. WINKELMAN FOUNDATION, INC., Respondent, v PETER J. WINKELMAN et al., Appellants. [632 NYS2d 356] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Supreme Court properly denied the cross motion of defendants to set aside their default because defendants did not present a reasonable excuse for their failure to answer. The court erred, however, in determining that August 1, 1989 is the accrual date for interest on the $66,815.42 judgment against defendants. Inasmuch as the funds involved were not withdrawn from plaintiff's account and converted by defendants until July 1990, the accrual date should be August 1, 1990.

The court also erred in determining, prior to an inquest, that plaintiff was entitled to punitive damages. The legal merit of a claim for punitive damages should not be determined on a motion for a default judgment; plaintiff must present proof to establish entitlement to punitive damages *(see, Beecher v State Farm Mut. Auto. Ins. Co.,* 186 AD2d 1012), including proof of the circumstances surrounding the transactions tending to exhibit or explain the motive of defendants *(see, Laurie Marie M. v Jeffrey T. M.,* 159 AD2d 52, 60, *affd* 77 NY2d 981).

We modify the order on appeal, therefore, by substituting August 1, 1990 as the accrual date for interest on the $66,815.42 award against defendants, and by vacating that portion of the order that adjudged defendants liable for punitive damages prior to an inquest. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Vacate Default.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMIE DOTSON, Appellant. [632 NYS2d 1019] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Onondaga County Court, McCarthy, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.