■ THOMAS POULOS et al., Appellants, v WILLIAM BADALA, Individually and Doing Business as J & B CONSTRUCTION Co., Respondent. [641 NYS2d 313] —Judgment, Supreme Court, Suf-

folk County (Gerard D'Emilio, J.), entered March 3, 1995, which, after a non-jury trial on the issue of damages, awarded plaintiffs the sum of $102,505.54, unanimously reversed, on the law, with costs, and the matter remanded to determine the finance charges and interest thereon incurred by plaintiffs as an item of recovery in the judgment.

In this homeowners' action against a contractor for his negligence and other wrongdoing in the construction of a house extension which caused the collapse of both the extension and part of the original house, the trial court erred in refusing to award credit card charges shown to be the natural and proximate result of defendant's wrongdoing. As the record shows, the collapse caused a condition so dangerous that the Islip Town Building Inspector threatened to condemn the entire premises for fear of collapse. The Town ordered immediate corrective measures, requiring plaintiffs to use their credit cards and ready credit accounts to raise the requisite $47,006 for the emergency repair. These finance charges were compounded monthly. The trial court was of the view that plaintiffs' only recourse for such loss was an award of the statutory interest rate of 9%. This was error. An injured party has the right to recover all reasonable damages sustained as the result of another's wrongful conduct. Here, the finance charges can be clearly traced to defendant's wrongdoing. Damages, as the Court of Appeals noted in *Steitz v Gifford* (280 NY 15, 20), "need not be immediate, but need to be so near to the cause only that they may be reasonably traced to the event and be independent of other causes." As this record discloses, incurring these credit charges was not only reasonable and necessary, but the use of their credit resources was the only avenue open to plaintiffs (*see, Avalon Constr. Corp. v Kirch Holding Co.*, 256 NY 137). Of course, plaintiffs are, in addition, entitled to statutory interest on their award of damages (*see,* CPLR 5001 [a]). Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ.