■ ARCHER MANAGEMENT SERVICES, INC., Appellant, v PENNIE & EDMONDS, Respondent. [731 NYS2d 177] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about June 23, 2000, which, in an action by an in-house mail room service provider against a law firm to recover the amount of unpaid invoices plus interest at the rate of 1½% per month, *inter alia*, denied plaintiff's motion for summary judgment, unanimously modified, on the law, to grant plaintiff summary judgment on its complaint, and, upon a search of the record, to grant defendant partial summary judgment on the issue of liability under its affirmative defense and counterclaims alleging damages sustained as a result of plaintiff's negligence and breach of contract in handling certain items of mail, and otherwise affirmed, without costs.

While defendant claims that the amount of the invoices in issue is more than offset by the damages it sustained as a result of plaintiff's mishandling of certain items of mail, it remains that nonpayment of the invoices is admitted, and, accordingly, plaintiff's motion for summary judgment on the invoices should

have been granted. Since defendant never objected to the 1¹/₂% interest per month on overdue balances, printed on weekly invoices over many years, such interest rate became integrated into the agreement, and, accordingly, plaintiff is entitled to summary judgment on that aspect of its complaint as well (*see, Morningside Fuel Corp. v Lanius*, 244 AD2d 198). With respect to defendant's counterclaims, the limitation of liability clause invoked by plaintiff, and drafted by plaintiff (*see, Uribe v Merchants Bank*, 91 NY2d 336, 341), which in terms covers "loss or damage to any one shipment of property," was clearly intended to limit plaintiff's liability only for the intrinsic value of the mail envelopes at issue, and, as a matter of law, does not insulate plaintiff from all of the consequences of its admitted negligence (*see, Poulos v Badala*, 227 AD2d 118). Accordingly, summary judgment is awarded to defendant on its affirmative defense and counterclaims, as to liability only, even though defendant did not cross-move for such relief (*see, Carnegie Hall Corp. v City Univ.*, 286 AD2d 214, 215). Concur—Sullivan, P. J., Williams, Tom, Mazzarelli and Andrias, JJ.