■ Zvia Gutman et al., Respondents, v Paul H. Savas et al., Appellants. [793 NYS2d 424]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered June 25, 2004, upon an order, same court and Justice, entered March 1, 2004, which, after a nonjury trial, determined that defendants owed plaintiffs the principal sum of $59,598.24 plus 10% interest compounded annually from June 12, 1996, to the entry date of the order, unanimously affirmed, with costs.

Even though no appeal was noticed from the judgment, CPLR 5520 (c) authorizes us to deem an appeal to be taken from a

subsequent judgment whose relief is identical to that granted in the order from which the appeal has been noticed (*see Robertson v Greenstein*, 308 AD2d 381 [2003], *lv dismissed* 2 NY3d 759 [2004]).

The transaction giving rise to this action was an oral agreement by plaintiff Gutman to advance money to defendants for renovation of certain property, which loans were evidenced by several mortgages and mortgage notes in Gutman's favor on the property, and an account stated. This action was not for breach of a separate management agreement entered into between the parties, as claimed by defendants. Since real estate was not the dominant feature of the transaction sued upon, but rather the advancement of money by Gutman to defendants, plaintiffs were not required to prove, pursuant to Real Property Law § 442-d, that they possessed duly issued real estate licenses (*see Eaton Assoc. v Highland Broadcasting Corp.*, 81 AD2d 603 [1981]).

Since plaintiffs' cause of action was not for breach of the management agreement, but rather was predicated upon breach of a separate oral agreement and for an account stated, the award of interest was not controlled by the provisions of CPLR 5001 and 5004. Compound interest, such as awarded by the trial court, is recoverable where there is an express agreement between the parties (*see Rourke v Thomas Assoc.*, 216 AD2d 717, 718 [1995], *appeal dismissed* 86 NY2d 837 [1995]). Such an agreement was testified to by Gutman at trial, and was evidenced by four mortgages and four mortgage notes against the property executed to secure her loans to defendants, which set forth her entitlement to the 10% interest compounded annually. Moreover, prior to trial, defendants stipulated that the sole and exclusive purpose of the mortgages and mortgage notes had been to secure the debt in this litigation.

We have considered defendants' remaining arguments and find them without merit. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Catterson, JJ.