14-4016-cv(L)
*Themis Capital, LLC, et al. v. Democratic Republic of Congo, et al.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of September, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           REENA RAGGI,
                      *Circuit Judges.*

---

THEMIS CAPITAL, LLC, AND DES MOINES
INVESTMENTS LIMITED,

      *Plaintiffs-Appellees-Cross-Appellants*,

        v.

DEMOCRATIC REPUBLIC OF CONGO, AND CENTRAL
BANK OF THE DEMOCRATIC REPUBLIC OF CONGO,

      *Defendants-Appellants-Counter-Claimants-
Counter-Defendants-Appellants-Cross-
Appellees.*

No. 14-4016-cv(L)
No. 14-4168-cv(XAP)

---

**FOR PLAINTIFFS-APPELLEES-CROSS APPELLANTS:**

DENNIS H. HRANITZKY (Collin F. Hessney, *on the brief*), Dechert LLP, New York, NY.

**FOR DEFENDANTS-APPELLANTS-COUNTER-CLAIMANTS-COUNTER APPELLANTS-CROSS-APPELLEES:**

JEREMY C. MARTIN (Stephen F. Malouf, Jonathan Nockels, *on the brief*), Malouf & Nockels LLP, Dallas, TX.

Appeal from a September 26, 2014 judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED in part, REVERSED in part only insofar as it denied plaintiffs an award of "second-generation compound interest," and REMANDED for further proceedings**.

Defendants-appellants the Democratic Republic of the Congo (the "DRC") and the Central Bank of the Democratic Republic of the Congo (the "Central Bank"—jointly "defendants") appeal the District Court's judgment, following a two-day bench trial, in favor of plaintiffs-appellees Themis Capital, LLC and Des Moines Investments Limited (jointly, "plaintiffs"). Plaintiff investment firms are successors-in-interest to certain debt obligations issued by the DRC in a 1980 Credit Agreement, which have been in default since 1990. Plaintiffs initiated this suit in 2009 to recover on the defaulted debt. In its judgment following trial, the District Court determined that the DRC and Central Bank officials who signed a series of debt acknowledgment letters in 1991, 1997, and 2003 had actual and apparent authority to bind the DRC and the Central Bank. These debt acknowledgement letters, if legally binding, had the effect of tolling New York's six-year statute of limitations and rendering plaintiffs' lawsuit timely. Accordingly, the District Court entered judgment in favor of plaintiffs and awarded damages in the amount of the outstanding principal, interest on the principal, and "compound" interest on the interest that accrued on the unpaid principal, totaling over $70 million. The District Court declined, however, to award plaintiffs what it called "second-generation compound interest" (*i.e.*, compound interest on all past-due compound interest). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, defendants specifically challenge the District Court's holdings that the signatories to the 2003 debt acknowledgement letter had actual and apparent authority, arguing that the District Court's conclusions rested on misinterpretations of DRC law. Defendants also challenge the District Court's award of compound interest. Plaintiffs cross-appeal the District Court's refusal to award "second-generation compound interest."

In an appeal of a judgment following a bench trial, we review findings of fact for clear error and conclusions of law *de novo*. *See, e.g., Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014). We review mixed questions of law and fact "de novo to the extent that the alleged error is in the misunderstanding of a legal standard and clear error to the extent that the alleged error is in a factual determination." *Diebold Foundation, Inc. v. C.I.R.*, 736 F.3d 172, 174 (2d Cir. 2013). Under the clearly erroneous standard, "where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (brackets and internal quotation marks omitted).

We affirm the District Court's liability judgment for substantially the reasons set forth in its thorough and well-reasoned July 9, 2014 Opinion & Order. *Themis Capital, LLC v. Democratic Republic of Congo*, 35 F. Supp. 3d 457 (S.D.N.Y. 2014). The District Court committed no error, much less clear error, in determining, as matters of fact, that the 2003 Acknowledgement Letter was one of a series of routine debt-acknowledgement agreements, and that plaintiffs reasonably believed that the DRC's Finance Minister and the Central Bank's Governor retained the authority to sign the 2003 Letter just as those officials had done for materially identical letters in 1991 and 1997. *Id.* at 477-81. To be sure, the defaulted Credit Agreement and the 1991 and 1997 Letters were executed by authorities of Zaire, while the 2003 Letter was executed by authorities of the DRC following a regime change that resulted in the renaming of the country and the restructuring of its government. Nevertheless, record evidence shows that DRC officials consistently regarded claims arising from the breach of the Credit Agreement to be timely and enforceable at the time of the signing of the 2003 Acknowledgement Letter and beyond.

The District Court then properly concluded, as a matter of law, that the Finance Minister and the Governor of the Central Bank had actual authority to sign the 2003 Acknowledgement Letter, pursuant to DRC Ordinance 80-073, which charged those very officials with implementing the Credit Agreement until all outstanding debt was fully paid. *Id.* at 474-78. It also found that the 2002 Executive Degree requiring that any government action with "budgetary repercussions" be submitted to a Council of Ministers was inapplicable because the 2003 tolling letter had no independent budgetary repercussions; it merely maintained the status quo. *Id.* at 477-78. To the extent the DRC, in this litigation, argued for a different construction, any deference owed was not commanding so as to manifest error here. *See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 92 (2d Cir. 2002) ("[A] foreign sovereign's views merit—though they do not command—some degree of deference.").[1]

We also affirm the District Court's interpretation of the Credit Agreement's interest provisions and its conclusion that plaintiffs are entitled to "compound" interest on the interest that

---

[1] Because we affirm the District Court's ruling that the 2003 Acknowledgement Letter was valid on the basis of the *actual* authority of the Finance Minister and the Central Bank's Governor, we need not reach its alternative holding that the signatories to the 2003 letter also had *apparent* authority to bind defendants.

3

accrued on the unpaid principal. We agree with the District Court that Section 3.05 of the Credit Agreement requires that compound interest comes due on a monthly basis, but is payable only upon demand. Defendants' interpretation—that "payable on demand" should be interpreted to mean "*due and* payable on demand"—is both contrary to the express terms of the contract and, for the reasons stated by the District Court, unreasonable. *Id.* at 488-90; *see also Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 299 (2d Cir. 1996) ("[N]o [contractual] ambiguity exists where the alternative construction would be unreasonable.").

Finally, we turn to plaintiffs' cross-appeal of the District Court's judgment denying them what it called "second-generation compound interest." Expressing concern that plaintiffs' interpretation might mean that "each generation of compound interest could logically be compounded again and again, *ad infinitum*," the District Court held that plaintiffs' request for "compound interest on the compound interest . . . lacks a textual basis." *Id.* at 491. The text of Section 3.05(d), however, provides for the payment of interest on "*all* interest which is not paid when due hereunder," without limitation. App'x at 1022 (emphasis added). Under the principles of New York contract law, contractual "words and phrases should be given their plain meaning and the contract should be construed so as to give full meaning and effect to all of its provisions." *LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) (internal quotation marks and alterations omitted). Thus, if the contractual term providing for interest on "all" unpaid interest is given force, plaintiffs are entitled to compound interest on the compound interest. We are untroubled by the prospect of such interest compounding infinitely because, as plaintiffs note, compound interest typically "results in interest on interest ad infinitum." 72 N.Y. Jur. 2d Interest and Usury § 2 ("'Compound interest' is interest paid on both principal and previously accumulated interest; at the end of each interest period, the accrued interest is added to the principal for purposes of future calculations of interest."). Since the plain language of the contract provides for precisely this type of "interest on interest," *Rourke v. Fred H. Thomas Assocs.*, 627 N.Y.S.2d 831, 832 (3d Dep't 1995), we reverse the District Court's denial of "second-generation compound interest."

For the foregoing reasons, we **AFFIRM** in part the District Court's judgment insofar as it found defendants liable for plaintiffs' timely claims and awarded damages for outstanding principal, interest on the principal, and "compound" interest on the interest that accrued on the unpaid principal. We **REVERSE** in part the District Court's judgment only insofar as it failed to award plaintiffs full compound interest on "all" unpaid interest, and we **REMAND** the cause to the District Court for the calculation and award of full damages to plaintiffs in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4