■ R.F. SCHIFFMANN ASSOCIATES, INC., et al., Appellants, v BAKER & DANIELS LLP et al., Respondents. [47 NYS3d 277]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about December 2, 2015, which, to the extent appealed from, dismissed plaintiffs' breach of contract claim, declined to award late fees, and dismissed all claims as against defendant Weaver Popcorn Company, unanimously modified, on the law and the facts, to award late fees to the extent indicated in this decision, and otherwise affirmed, without costs. Order, same court and Justice, entered May 26, 2016, which awarded plaintiffs $82,202.58, representing principal in the sum of $48,220, plus prejudgment interest at the rate of

9% from February 1, 2004 through December 13, 2012, less costs, as against defendant Baker & Daniels LLP, unanimously modified, on the law and the facts, to award interest at 18% instead of 9%, and otherwise affirmed, without costs.

Plaintiffs' contention that the trial court (Engoron, J.) improperly disregarded a prior decision of the motion court (Feinman, J.) is unavailing. The motion court found disputed issues of fact, which is hardly the type of finding that required the trial court to rule in plaintiffs' favor.

The very first invoice that plaintiffs presented to Baker & Daniels, dated April 29, 2003, said, "Terms: . . . 1½% interest . . . on unpaid balances." This "constituted a sufficient demand to start interest running" (*Davison v Klaess*, 280 NY 252, 258 [1939]). The language about 1.5% interest was repeated on the service invoices that plaintiffs sent on July 29 and October 30, 2003 and January 2 and March 24, 2004, as well as the invoices for interest/late fees that plaintiffs sent on June 11, August 12, and September 10, 2004. The first time defendants indicated they had any problems with plaintiffs' invoices was November 5, 2004, when one member of Baker & Daniels told plaintiff Robert F. Schiffmann that another partner had "some issues he wanted to discuss," which is not a specific objection to the 1.5% monthly late fee (*see Geron v DeSantis*, 89 AD3d 603, 604 [1st Dept 2011]). Although the trial court said that Baker & Daniels "timely objected to plaintiff's interest-on-interest," upon a review of the record, we find no such objection.

Because Baker & Daniels failed to object to late fees in a timely fashion, and because plaintiffs presented at least some evidence of trade practice, namely Baker & Daniels' invoice to its client, Weaver, which said a late fee of 1% per month would be charged, the late fee of 1.5% per month mentioned in plaintiffs' invoices became integrated into the parties' contract (*see Archer Mgt. Servs. v Pennie & Edmonds*, 287 AD2d 343, 344 [1st Dept 2001]; *Morningside Fuel Corp. v Lanius*, 244 AD2d 198 [1st Dept 1997]). The late fee of 1.5% a month (18% a year) is in lieu of—not in addition to—statutory 9% interest (*id.*).

In the absence of an express agreement by Baker & Daniels to pay compound interest, plaintiffs are entitled to only simple interest (*see e.g. Gutman v Savas*, 17 AD3d 278, 279 [1st Dept 2005]). "[M]ere silent acquiescence in [an] account stated [does] not constitute an express promise to pay compound interest" (*Reusens v Arkenburgh*, 135 App Div 75, 77 [1st Dept 1909]).

Plaintiffs' contention that Weaver (the principal) is liable for Baker & Daniels (the agent's) contract is unavailing. Baker &

Daniels was an independent contractor rather than an agent subject to Weaver's direction and control (*see Enterprise Press, Inc. v Fresh Fields Mkts., Inc.*, 13 F Supp 2d 413, 415 [SD NY 1998]). Moreover, the fact that plaintiffs sent all of their invoices to Baker & Daniels—not Weaver—weighs against imposing liability on Weaver (*see id.* at 416).

We have considered plaintiffs' remaining arguments and find that they do not warrant any further modification beyond the extent indicated. Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.