TKS Realty, LLC v 391 Broadway LLC (2021 NY Slip Op 01735)





TKS Realty, LLC v 391 Broadway LLC


2021 NY Slip Op 01735


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 655517/19 Appeal No. 13398 Case No. 2020-03118 

[*1]TKS Realty, LLC, Plaintiff-Respondent,
v
391 Broadway LLC, et al., Defendants-Appellants.


Ran Daniel, Queens, for appellants.
Joseph H. Neiman, Jamaica Estates, for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 7, 2020, which granted plaintiff's motion for summary judgment on its breach of contract claims against defendants and awarded damages with compound interest on the principal amount, and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to vacate the award of compound interest and remand for recalculation of simple interest at the contract rate, and otherwise affirmed, without costs.
Plaintiff, a minority member of defendant 391 Broadway LLC (LLC), seeks to enforce a buyout right provided in the LLC's operating agreement and personally guaranteed by the individual defendants, the majority members of the LLC. The terms of the put option in the agreement are clear and unambiguous, including a trigger date and a means of calculating the buyout price (see Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]). Plaintiff demonstrated prima facie that it gave proper notice of its intent to invoke the buyout option and that defendant LLC did not make payment, and defendants raised no issue of fact precluding summary judgment.
As for the individual defendants' liability, the operating agreement provides that they each, jointly and severally, personally guaranteed the LLC's obligation under the buyout option. Defendants' reliance on cases involving the personal liability of corporate officers for the contractual obligations of the corporation (e.g. Salzman Sign Co. v Beck, 10 NY2d 63, 67 [1961]) is misplaced because defendants did not sign the agreement on behalf of any principal, disclosed or otherwise. Instead, the operating agreement was entered into by and among the individual members to form the LLC and set forth the terms governing the relationships among them (see LNYC Loft, LLC v Hudson Opportunity Fund I, LLC, 154 AD3d 109, 114 [1st Dept 2017]; Limited Liability Company Law § 417). In any event, they each signed the agreement individually, without any limitation on their signatures, and the individual defendants' obligation to personally guaranty the buyout option is set forth in clear and explicit language, making their intent unmistakable (see Blandford Land Clearing Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 260 AD2d 86, 92-93 [1st Dept 1999]). Defendants' further argument that there was no consideration for their guaranty is unavailing. The minority members' investment provided consideration for their undertaking and, because the guaranty was entered into concurrently with the principal obligation, no separate consideration was required (1855 E. Tremont Corp. v Collado Holdings LLC, 102 AD3d 567, 568 [1st Dept 2013]).
However, plaintiff is not entitled to interest on a compounded basis because the agreement did not so explicitly provide, but only provides for annual interest (see Giventer v Arnow, 37 NY2d 305, 308 [1975]; R.F. Schiffmann Assoc., Inc. v Baker & Daniels LLP, 147 AD3d 482, [*2]483 [1st Dept 2017], lv denied 30 NY3d 1040 [2017]).
Finally, defendants' assertions that plaintiff's motion was premature, raised for the first time on appeal, is unavailing. Defendants fail to explain how discovery relating to their counterclaims would have provided any defense to plaintiff's breach of contract claims (see 3212[f]; Tavarez v Castillo Herrasme, 140 AD3d 453, 454 [1st Dept 2016]; Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021