## 508 Operations, LLC v Artistic Holiday Designs, LLC

2025 NY Slip Op 30405(U)

January 31, 2025

Supreme Court, New York County

Docket Number: Index No. 652355/2023

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------------X

508 OPERATIONS, LLC,

                                 Plaintiff,

                             - v -

ARTISTIC HOLIDAY DESIGNS, LLC, AMAZE LIGHT
FESTIVAL CHICAGO, LLC, AMAZE LIGHT FESTIVAL
MANAGEMENT, LLC, AMAZE LIGHT FESTIVAL NEW
YORK CITY, LLC, DEREK NORWOOD, SAMANTHA
BARKUS

                               Defendants.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652355/2023 |
| **MOTION DATE** | 04/08/2024 |
| **MOTION SEQ. NO.** | 001 |

**SUPPLEMENTAL
DECISION/ORDER AFTER
INQUEST**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 90, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 118, 119, 120, 121

were read on this application for                   INQUEST                .

        In its inquest application, Plaintiff 508 Operations, LLC ("Plaintiff") seeks a damages award of $1,536,509.35, comprised of $978,458.62 for services rendered by Plaintiff, $410,331.42 in late fees under the relevant agreements, and prejudgment interest (NYSCEF 92 ["Londrico Supp. Aff."] ¶ 7, 9). Plaintiff also seeks an award of attorneys' fees and costs in the amount of $76,700.52 (NYSCEF 120). Finally, plaintiff seeks an award of punitive damages in the amount of at least $1,000,000 (Londrico Supp. Aff. ¶ 11). Upon consideration of the foregoing documents and for the reasons discussed below, the requested relief is **granted in part.**

652355/2023   508 OPERATIONS, LLC vs. ARTISTIC HOLIDAY DESIGNS, LLC ET AL
Motion No.  001

Page 1 of 6

[* 1]

## BACKGROUND

On July 15, 2024, this Court granted Plaintiff's motion to strike Defendants' Answer and for a default judgment on the issue of liability for claims related to Defendants' failure to pay for labor and related services provided in connection with the Amaze Light Festival at Citi Field from 2022-2023 (NYSCEF 90). In its decision and order on that motion, the Court directed the parties to submit a proposed briefing schedule for an inquest on damages (*id.*). Despite the adjournment of that schedule granted by the Court at Defendants' request, Defendants have not submitted any opposition to Plaintiff's inquest application (NYSCEF 115).

## DISCUSSION

### I.  Actual Damages

Plaintiff has submitted contemporaneous invoices and work orders reflecting the amounts owed by Defendants for services rendered by Plaintiff (NYSCEF 45, 47-49, 51-72), as well as a balance statement reflecting the total amount of $978,458.62 owed as of February 6, 2023 (NYSCEF 73). The entries on the balance statement correspond with and do not exceed the amounts billed in the invoices.[1] Further, Defendants received the invoices and did not object to them within 24 hours of receipt as required by the relevant agreements (NSYCEF 44 ["Londrico Moving Aff."] ¶ 25).

The agreements provide for a late fee of 1.5% of any balance left unpaid as of 14 days after receipt of each invoice "compounded daily and consecutively" (*see e.g.* NYSCEF 51

---

[1] One invoice (NYSCEF 62) reflects a larger amount owed than the corresponding entry on the balance sheet, but Plaintiff relies on the lesser figure in its total damages calculation.

652355/2023   508 OPERATIONS, LLC vs. ARTISTIC HOLIDAY DESIGNS, LLC ET AL          **Page 2 of 6**
Motion No.  001

[* 2]

["Terms and Conditions"] § 2). Plaintiff has capped the amount of late fees it seeks at 25% per annum (NYSCEF 93). While Plaintiff additionally seeks statutory prejudgment interest in the amount of 9% per annum, contractual late fees are "in lieu of—not in addition to—statutory 9% interest" (*Schiffmann Assoc., Inc. v Baker & Daniels LLP*, 147 AD3d 482, 483 [1st Dept 2017]). Plaintiff calculates the amount of late fees on an invoice-by-invoice basis from the date 14 days after each invoice was due to be paid, i.e. the date that late fees began to accrue for each invoice under the agreements (NYSCEF 93).

## II.    Punitive Damages

In its complaint, Plaintiff sought an award of punitive damages in the amount of $1,000,000.00 in connection with its fourth cause of action for fraudulent concealment against all Defendants (NYSCEF 2 ["Complaint"] ¶ 68, 69). While determining entitlement to punitive damages is not proper on a motion for default judgment, plaintiff may demonstrate its entitlement thereto at the inquest stage by presenting proof "including…the circumstances surrounding the transactions tending to exhibit or explain the motive of defendants" (*Dwight W. Winkelman Found., Inc. v Winkelman*, 219 AD2d 816, 816 [4th Dept 1995]). "Punitive damages are available in a tort action where the wrongdoing is intentional or deliberate, has circumstances of aggravation or outrage, has a fraudulent or evil motive, or is in such conscious disregard of the rights of another that it is deemed willful and wanton" (*Swersky v Dreyer and Traub*, 219 AD2d 321, 328 [1st Dept 1996]).  In a nutshell, punitive damages are reserved for extraordinary circumstances.

652355/2023   508 OPERATIONS, LLC vs. ARTISTIC HOLIDAY DESIGNS, LLC ET AL          Page 3 of 6
  Motion No.  001

3 of 6

Based on its review of the record the Court finds that Defendants' alleged conduct, while obviously not laudable, does not rise to the level of "gross and high moral culpability" such that punitive damages are appropriate (*Walker v Sheldon*, 10 NY2d 401, 405 [1961]).

### III.    Attorneys' Fees and Costs

Plaintiff seeks an award of all its attorneys' fees and costs incurred in bringing this action pursuant to the indemnification clauses in the relevant agreements (NYSCEF 45, 47, 48, 66). "Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise" (*Hooper Assocs., Ltd. v AGS Computers, Inc.*, 74 NY2d 487, 492 [1989]). The relevant part of the indemnification provisions indemnifies Plaintiff for claims "that may be asserted *against* [Plaintiff]" arising out of Defendants' activities (*id*. § 5 [emphasis added]). These provisions do not contemplate that Defendants would indemnify claims brought *by* the Plaintiff. Plaintiff is not entitled to an award of its attorneys' fees and costs in their entirety.

However, as stated in the order granting Plaintiff's motion for default and to strike Defendants' Answer for failure to comply with discovery obligations (NYSCEF 90), the parties stipulated in the Preliminary Conference Order that the prevailing party in any discovery-related motion may recover from the non-prevailing party reasonable attorneys' fees and costs incurred in litigating the motion (NYSCEF 15). Thus Plaintiff is entitled to an award of reasonable attorneys' fees and costs incurred in connection with its discovery-related motion only.  Plaintiff is not entitled to fees and costs incurred in preparing its inquest submission (*see S. Tower*

[* 4]

*Residential Bd. of Managers of Time Warner Ctr. Condominium v The Ann Holdings, LLC*, 2017 NY Slip Op 31231[U], 5 [Sup Ct, NY County 2017] [noting that "fees on fees," i.e. recovery of fees and costs for preparing a fee application, are not recoverable absent contractual or statutory provisions providing otherwise])

Therefore, it is:

**ORDERED** that Plaintiff is awarded compensatory damages against Defendants Artistic Holiday Designs, LLC, Amaze Light Festival Chicago, LLC, Amaze Light Festival Management, LLC, Amaze Light Festival New York City, LLC, Derek Norwood, and Samantha Barkus jointly and severally in the amount of $978,458.62; it is further

**ORDERED** that Plaintiff is awarded contractual interest at the rate of 25% per annum, to be calculated on the following sums until entry of judgment as follows:

1.  On the amount of $180,046.82 from December 31, 2022;

2.  On the amount of $79,568.70 from January 7, 2023;

3.  On the amount of $93,368.07 from January 20, 2023;

4.  On the amount of $36,110.00 from January 31, 2023;

5.  On the amount of $67,863.00 from February 4, 2023;

6.  On the amount of $23,478.50 from February 11, 2023

7.  On the amount of $307,939.31 from February 15, 2023;

8.  On the amount of $184,004.59 from February 16, 2023;

9.  On the amount of $6,079.63, from February 26, 2023; it is further

**ORDERED** that post-judgment interest shall accrue at a rate of 9% per annum pursuant to CPLR 5004(a) from the date judgment is entered; it is further

652355/2023   508 OPERATIONS, LLC vs. ARTISTIC HOLIDAY DESIGNS, LLC ET AL          Page 5 of 6
Motion No. 001

5 of 6

**ORDERED** that Plaintiff's request for an award of attorneys' fees and costs is **denied without prejudice**, provided that Plaintiff may make a supplemental submission regarding attorneys' fees and costs incurred in connection with its discovery-related motion within 30 days of the date of this order;it is further

**ORDERED** that the Clerk of the Court enter judgment accordingly, with taxable costs, upon submission by Plaintiff of a form of judgment and bill of costs.

This constitutes the decision and order of the Court.

202501311123726JMCOHEN09B72A7709B0487EA530749E0E0F1906

| **1/31/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **JOEL M. COHEN, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

652355/2023  508 OPERATIONS, LLC vs. ARTISTIC HOLIDAY DESIGNS, LLC ET AL                    Page 6 of 6
Motion No.  001

6 of 6

[* 6]